JOHN H. COFFEE *vs.* NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

Hampden.    September 22, 1891. — November 25, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Railroad — Employers' Liability Act — Ways, Works, or
Machinery — Superintendence — Evidence of Custom.*

If a freight car, which is hauled empty by a railroad company to the terminus of
its road for transfer to another road where it belongs, while being shifted there
to another train upon a connecting line, causes an injury to a brakeman em-
ployed by such company by reason of a defect in the brake-wheel, such car is
not a part of the "ways, works, or machinery connected with or used in the
business of the employer," within the St. of 1887, c. 270, § 1, cl. 1, such as will
give a right of action against the company.

At the trial of an action under the St. of 1887, c. 270, § 1, cl. 2, against a railroad
company for personal injuries occasioned to a brakeman in its employ at the
terminus of the road by a defect in a freight car belonging to another corpora-
tion there being transferred to a connecting line for delivery to its owner, evi-
dence was excluded that the train of which the car had formed a part was not
inspected on its arrival at such terminus, and that, as matter of custom, no in-
spection was made there of cars coming from the direction from which such car
had arrived. *Held,* that the evidence should have been admitted.

TORT, for personal injuries occasioned to the plaintiff while
in the defendant's employ as a freight brakeman. The declara-
tion was in four counts; the first two were at common law; the
third was framed on the St. of 1887, c. 270, § 1, cl. 1, and alleged
that the plaintiff was injured "by reason of his falling from a
car which was defective in not being provided with a suitable
and safe brake-wheel, which car was used in the business of the
defendant, and which arose from, or had not been discovered or
remedied owing to the negligence of the defendant, or of some
person or persons in its employ, intrusted with the duty of see-
ing that such car was in proper condition"; and the fourth was
framed on the St. of 1887, c. 270, § 1, cl. 2, and alleged that the
defective condition of the brake "was not remedied or discov-
ered owing to the negligence of the defendant, or of some person
in its employ intrusted with and exercising superintendence, or
whose sole or principal duty was superintendence." The case
was tried in the Superior Court, before *Bond,* J., who excluded

certain evidence offered by the plaintiff, and ruled, at the close of all the evidence, that the evidence was insufficient to sustain the third and fourth counts of the declaration, and ordered a verdict for the defendant.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The nature of the evidence appears in the opinion.

*J. B. Carroll*, for the plaintiff.

*G. M. Stearns*, for the defendant.

ALLEN, J. The declaration originally contained four counts. The first two counts were at common law, and these at the trial were, for some reason not disclosed, stricken from the declaration, and are therefore not before us. The third and fourth counts were framed under the employers' liability act, St. of 1887, c. 270.

The right of an employee to maintain an action under this statute is not identical with his right to maintain an action at common law. It may be greater, or it may be less. The statute provides that in certain specified cases " such employee shall have the same right of compensation and remedies against the employer as if the employee had not been an employee of nor in the service of the employer, nor engaged in its work." § 1, cl. 3. In other words, in the cases specified the defence of common employment with the person through whose negligence the injury was caused is taken away.

The plaintiff seeking to avail himself of the benefit of this act must bring himself within its provisions, and show that his case falls within the cases specified therein.

The first class of cases specified is, where the injury is caused " by reason of any defect in the condition of the ways, works, or machinery connected with or used in the business of the employer." The injury to the plaintiff was caused by reason of a defect in the brake-wheel of a freight car. The question, therefore, arises whether the freight car was a part of the ways, works, and machinery connected with or used in the business of the defendant. The freight car was the property of the Central Vermont Railroad Company. There was evidence tending to show that it was received on the morning of July 28, 1890, loaded, by the defendant at Springfield from the Connecticut

River Railroad Company, which owned a connecting railroad running to the north. Apparently the car had been taken by the defendant loaded over its road to Windsor, Connecticut, and there unloaded. At any rate, it was taken empty by the defendant from Windsor to Springfield, and arrived there on the afternoon of July 29th. Apparently, it was to be delivered at Springfield to the Connecticut River Railroad Company, to be taken back to Vermont.

The accident to the plaintiff occurred in the defendant's yard at Springfield. According to his own testimony, he was assisting in switching cars about the yard, and it was his duty to get upon the moving cars as they were switched out, and ride them, that is, to get on them, and put on the brake so that they would not crash up against the cars ahead; he had ridden one or two cars, and jumped from the top of a car which was standing still upon a moving car going north, being the car in question, and was in the act of setting up the brake, when the brake-wheel and nut came off, and he was thrown to the ground and injured. By this we understand that the car from which he fell was at the time disconnected from all other cars, and had been propelled and was on its way to take its place in a train of cars to be delivered to the Connecticut River Railroad Company. It was merely an isolated empty car, which was to be returned to its owner. There is nothing further to show the terms or contract under which it was hauled or moved by the defendant.

The facts above stated are not sufficient to show that the car at the time of the accident was a part of the ways, works, or machinery connected with or used in the business of the defendant. The want of ownership by the defendant is not of much significance; but by the terms "ways, works, or machinery connected with or used in the business of the employer," we understand something in the place, or means, appliances, or instrumentalities provided by the employer, for doing or carrying on the work which is to be done. The use of other words may not make the meaning clearer, but it would seem that there must be a defect in something which can in some sense be said to be provided by the employer. Without going so far as to include a car received from another road, and in actual use by the defendant for the transportation of freight for which the defendant

is to be paid, or a car which at the time actually forms part of a train, it seems to us that this car, under the circumstances stated, did not fall within the enumeration of the statute.

It remains to consider whether the plaintiff's case comes within the second class of cases specified in the statute; that is to say, whether there was evidence to show that his injury was caused " by reason of the negligence of any person in the service of the employer, intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence." § 1, cl. 2. The plaintiff contends that it was the duty of the defendant to furnish competent, sufficient, and suitable inspectors, acting under proper superintendence, rules, and instructions; *Mackin* v. *Boston & Albany Railroad*, 135 Mass. 201; that the defendant's method of inspection was imperfect; and that it was a question of fact for the jury whether or not he was injured by reason of the negligence of the superintendent of inspectors, or an insufficiency in the rules and instructions.

It is to be observed that there was nothing to show that the inspectors themselves, who were provided by the defendant, were insufficient in number, or incompetent or unsuitable for their work. King, whose special duty it was to inspect the tops of the cars, had been an inspector four or five years. The plaintiff himself had worked for the defendant three years, and knew all the inspectors. King was examined as a witness. There was at the trial no testimony, and, so far as appears, no suggestion, that he was incompetent.

The plaintiff, however, offered to show that the train from the south, of which the car in question had formed a part, was not inspected on the day of the accident, and a witness employed by the defendant in its yard was also asked by the plaintiff what was the custom or method of the inspectors in the yard as to inspecting cars that came from the south, the plaintiff offering to prove by this witness that no inspection was made of cars coming from the south. This evidence was excluded. If this evidence which was offered would have tended merely to show an omission of duty, or negligence in the performance of duty, on the part of the inspectors on a single occasion, it would properly have been excluded on the ground stated in *Mackin's case*, *ubi supra*, that the inspectors were fellow servants with the plain-

tiff, and that the defendant was not responsible for their negligence. But evidence of the custom or method of the inspectors as to inspecting cars that came from the south, and proof that no inspection was made of such cars, and that this was the custom there, would have a tendency to show the rules, instructions, and superintendence under which the inspectors were acting, and would be proper for the consideration of the jury in this aspect. If the plaintiff could show that as a matter of habit or custom no such inspection was made, and that the safety of the employees required such inspection upon the arrival of all trains from the south, a legitimate argument might be addressed to the jury that the rules, instructions, and superintendence were insufficient to provide proper inspection. The determination of this question is not a matter of law, but a matter of fact; and in this aspect we think there was error in excluding the evidence which was offered.

The defendant contends that there was other evidence that this train from the south and this car were in fact inspected. That may be so, but as the plaintiff offered to show the contrary, and as his evidence was excluded, it cannot now be assumed that such inspection was made.

The defendant further contends that a suitable and proper inspection would not have detected the defect in the brake-wheel, and relies upon the doctrine that the defendant is not responsible for latent defects which were not discoverable with reasonable care. *Ladd* v. *New Bedford Railroad,* 119 Mass. 412. We cannot determine, as matter of law, whether proper inspection would or would not have ascertained the defect.

For the sole reason that evidence was excluded which, if believed, had some tendency to show that the plaintiff's injury was caused by reason of the negligence of a person in the service of the defendant, intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, a new trial must be had.

*Exceptions sustained.*