GEORGE S. FISK *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk.   November 17, 1892. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Negligence — Assumption of Risk — Employers'*
*Liability Act.*

In an action for personal injuries it appeared in evidence that the plaintiff had
worked before the accident for the defendant corporation, a railroad, at least
two years, running all the time on the same division. One of the defendant's
stations, at which the plaintiff had been a number of times by day and frequently
by night, had a projecting awning, which had remained unchanged since the
plaintiff had worked on the road and with which the plaintiff was familiar. All
the principal stations on the road had similar awnings. On the night of the acci-
dent, which was dark and rainy, the plaintiff was on a car which came from
another road, and which was higher than some cars and had a side ladder. The
plaintiff had ridden on such cars before, not more than one in twenty of which
was made with a ladder on the side, and on the average there would be one or
two such cars in a freight train. The plaintiff started to get upon the ladder to
go down, and in passing the station struck against the awning and was hurt.
*Held,* that the defendant was not guilty of negligence in receiving and hauling
such a car as a part of its train; that at common law the risk of the accident
was one which the plaintiff must be held to have assumed, and that no remedy
was given to him by the St. of 1887, c. 270, § 1, cl. 1.

TORT, for personal injuries occasioned to the plaintiff while
in the defendant's employ as a freight brakeman, by coming in
contact with the wooden awning projecting from the defend-
ant's passenger station at Greenfield. Trial in the Superior
Court, before *Hopkins,* J., who, at the close of the testimony,
ordered a verdict for the defendant; and the plaintiff alleged
exceptions. The material facts appear in the opinion.

*J. D. Long & J. F. Wheeler,* for the plaintiff.

*G. A. Torrey,* for the defendant.

ALLEN, J. The defendant's station at Greenfield had a pro-
jecting awning, to protect passengers in getting into or out of
the cars from the rain. All the principal stations on the rail-
road had such awnings, and there had been no change in the
one at Greenfield since the plaintiff had worked on the road.
His work on the road began in 1886; it was not continuous,
but before the accident he had worked on the railroad certainly

two years, running all the time on the same division, from Fitchburg to Williamstown and back. He had been over the road both in the daytime and by night, never very much on the day trains, but had been by there a number of times in the daytime and frequently by night. He was acquainted with the station at Greenfield, and knew there was an awning there. On the night of the accident, which was dark and rainy, he was on a car which came from another railroad; the car was higher than some cars, and had a side ladder. He had ridden on such cars before; not more than one car in twenty was made with a ladder on the side; on the average, there would be one or two such cars in a freight train. The plaintiff started to get upon the ladder to go down, and in passing the station struck against the awning and was hurt. Such in substance was his testimony.

It was not contended, and could not successfully be contended, in behalf of the plaintiff, that the defendant was guilty of negligence in receiving and hauling such a car as a part of its train. *Mackin* v. *Boston & Albany Railroad*, 135 Mass. 201.

At common law, the risk of such an accident, under the circumstances stated, is one which the plaintiff must be held to have assumed. *Lovejoy* v. *Boston & Lowell Railroad*, 125 Mass. 79. *Wood* v. *Locke*, 147 Mass. 604. *Illick* v. *Flint & Pere Marquette Railroad*, 67 Mich. 632.

Nor is a remedy given to him by the employers' liability act, St. 1887, c. 270, § 1, cl. 1. The condition of the awning had not been changed for the worse during the time of the plaintiff's employment upon the road; and it was not the duty of the defendant to alter it with a view of making it more safe. In order to afford a remedy under that clause of the statute, there must have been a defect in the condition of the awning which arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the defendant's service intrusted with the duty of seeing that the awning is in proper condition. Where there is no duty, there can be no negligence. The duty of altering the awnings upon its stations was not cast upon the defendant by the enactment of the statute. *O'Maley* v. *South Boston Gas Light Co.*, *ante*, 135, and cases there cited.

*Exceptions overruled.*