C. U. Bell, for the defendant.

D. N. Crowley, for the plaintiff.

JOHN O. GOODRIDGE *vs.* WASHINGTON MILLS COMPANY.

Essex.   November 8, 1893. — November 29, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Employers' Liability Act — Assumption of Risk of Injury.*

In an action for personal injuries occasioned to the plaintiff by an unguarded gearing of a loom in the defendant's mill, it appeared that the plaintiff, who was twenty-seven years of age, had worked in other mills as a loom fixer and machinist, and had worked in the room where the accident occurred for about four months. The place was well lighted, the danger was obvious, and there had been no change in the condition of the gears; and the plaintiff was aware that on some of the looms the gears were uncovered. *Held,* that he assumed the risk of injury.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ as a loom fixer. The declaration contained two counts, one at common law and the other under St. 1887, c. 270. Trial in the Superior Court, before *Sherman,* J., who ruled, at the request of the defendant, that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The material facts appear in the opinion.

J. P. Sweeney, for the plaintiff.

C. A. DeCourcy, for the defendant.

MORTON, J. We think that the plaintiff assumed the risk of injury from the machine by which he was hurt. He was twenty-seven years of age, and had worked for seven years in other mills as a loom fixer and machinist, and had worked in the room in

the defendant's mill where the accident occurred for about four months.   The place where the machine stood was well lighted, and the danger from contact with the gears was obvious.   There was nothing to show that there had been any change in their condition.   They were in plain sight, and near the place where the plaintiff's duties had required him to be.   He knew that on some of the looms in the room the gears were uncovered.   It is immaterial that his attention had never been called particularly to the loom which caused the injury.   It is sufficient if his duties were such that he might be called upon to work upon or near looms with covered or uncovered gears in different parts of the room, and he made no objection because some of the looms had uncovered gears.   He must be held to have assumed the risk of injury from uncovered gears.   It might be said that the proximate cause of the injury was the push given him by the carpenter.*   It is not necessary to consider that.

*Exceptions overruled.*

---

* The bill of exceptions stated:

" After repairing the loom in his section, plaintiff told the weaver to start it, and in order to see how the loom ran he stepped into the aisle and stood in or near the middle of the aisle with his back perhaps a foot away from the unprotected gearing of the old Crompton loom on the other side of the aisle.   While he stood there watching the loom, a carpenter in the employ of the defendant, who was at work setting up some new looms in the room, came down the aisle, and in passing the plaintiff put both of his hands on the plaintiff's chest to get past, and pushed the plaintiff back against the unguarded gearing of the loom in which the plaintiff's arm was caught and injured, and which was situated diagonally across the aisle from the loom he was watching.   The plaintiff did not know at the time of the accident, or at any time before the accident, that the loom in which he was injured was unprotected, and did not see the carpenter until he touched him.

" The place where the plaintiff was standing, with his hands on his hips, at the time of the accident, was the only place where he could get a view of the operation of the loom which he had repaired, and it was necessary that he should watch the loom for a time until satisfied that the loom was in working order.   It was sometimes necessary to watch a loom for half an hour, and he had been standing in the aisle about five minutes before he was injured."