EDWARD GOODES, administrator, *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Hampden.   September 26, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Loss of Life — Railroad — Master and Servant — Assumption of Risk — Action — Evidence — Due Care.*

One entering the employ of another assumes the obvious risks arising from the nature of the employment, from the manner in which the business is carried on, and from the condition of the ways, works, and machinery, if he is of sufficient capacity to understand and appreciate them.

At the trial of an action against a railroad corporation for causing the death of the plaintiff's intestate, who was in its employ as a brakeman, it appeared that, in the night time, while engaged in the performance of his duties, he struck against a switch-stand, which stood close to the track, and was knocked from the car, receiving injuries which resulted in his death; that at the time of the accident he had been in the defendant's employ nearly three months; that before entering the defendant's employ he had worked several months on another railroad as a brakeman; that he was strong, active, healthy, of good eyesight and hearing, knew his business, and was competent and intelligent; that in the course of his employment he had been frequently by day and by night over and by the switch where he was knocked off; that the switch was in the same place and was the same in all respects as when he entered the defendant's employ; and that there had been no change in the adjacent tracks. *Held,* that he had assumed the risk of injury from the proximity of the switch to the track; and that the action could not be maintained.

If a person while in the employ of another is injured by an accident which happens in the ordinary course of his employment, and while he is engaged in the performance of duties to which he is accustomed and under circumstances which are not unusual, in an action for the injury the case does not call for instructions on the question whether the emergency was such that he could fairly be said to have voluntarily assumed the risk of the injury.

In an action against a railroad corporation for causing the death of the plaintiff's intestate, who was in its employ as a brakeman on a freight train, and who

received the injuries which resulted in his death, while engaged in the night time in uncoupling cars, by striking against a switch-stand, which stood close to the track, and being knocked from the car, the plaintiff offered evidence as to the customary manner of uncoupling cars, as to the practice of conductors to do the uncoupling, as to whether the train ordinarily came up to the switch-stand, and as to the distance at which the switch-stand could be seen. *Held,* that the evidence was admissible upon the question whether the plaintiff's intestate was in the exercise of due care.

TORT, under Pub. Sts. c. 112, § 212, as amended by St. 1883, c. 243, by the administrator of the estate of John Hopkins, for causing his death. At the trial in the Superior Court, before *Dewey,* J., it appeared that the plaintiff's intestate was in the employ of the defendant corporation as a brakeman; that on August 17, 1892, in the night time, while engaged in uncoupling cars on a freight train, he struck against a switch-stand, which stood close to the track, and was knocked from the car; and that he received injuries which resulted in his death.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts material to the points decided appear in the opinion.

*W. H. Brooks,* (*W. Hamilton* with him,) for the defendant.

*J. B. Carroll,* for the plaintiff.

MORTON, J.     One entering the employment of another assumes the obvious risks arising from the nature of the employment, from the manner in which the business is carried on, and from the condition of the ways, works, and machinery, if he is of sufficient capacity to understand and appreciate them. It is not necessary to inquire whether this doctrine rests upon contract or upon the inherent reasonableness and justice of the rule itself, as applied to the relations of master and servant. It has been long and well settled at common law, and it is not contended by the plaintiff that it does not apply to cases arising under the employers' liability act, so called. We think that this case comes within it.

The plaintiff's intestate was in the service of the defendant as a brakeman. At the time of the accident which resulted in his death he had been in the defendant's employ three months less a few days. Before entering the employment of the defendant he had worked several months on another railroad as a brakeman. He was strong, active, healthy, of good eyesight and hearing,

knew his business, and was competent and intelligent. It appeared from uncontradicted testimony that in the course of his employment he had been frequently by day and by night over and by the switch where he was knocked off. It further appeared, also by uncontradicted testimony, that the switch was in the same place, and was the same in all respects as when he entered the defendant's employment, and that there had been no change in the adjacent tracks. The condition of things was perfectly obvious, and there was nothing in the nature of a trap or a hidden defect, and at the time of the injury he was engaged in a service growing out of the nature of his employment, with which he was familiar, and which he had been accustomed to. Under such circumstances he must be held to have assumed the risk of injury from the proximity of the switch to the track, and the rulings asked for by the defendant to that effect should have been given. *Lovejoy* v. *Boston & Lowell Railroad,* 125 Mass. 79. *Coombs* v. *Fitchburg Railroad,* 156 Mass. 200. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. *Fisk* v. *Fitchburg Railroad,* 158 Mass. 238. *Kleinest* v. *Kunhardt,* 160 Mass. 230. *Goldthwait* v. *Haverhill & Groveland Street Railway,* 160 Mass. 554. *Thain* v. *Old Colony Railroad,* 161 Mass. 353. *Feely* v. *Pearson Cordage Co.* 161 Mass. 426. *Randall* v. *Baltimore & Ohio Railroad,* 109 U. S. 478. *Tuttle* v. *Detroit, Grand Haven, & Milwaukee Railway,* 122 U. S. 189.

As the case stands, we find nothing in the exceptions calling for instructions on the question whether the emergency was such that the plaintiff's intestate fairly could be said to have voluntarily assumed the risk. As already observed, the accident happened in the ordinary course of his employment, and while he was engaged in the performance of duties to which he was accustomed, and under circumstances which were not unusual.

The testimony that was objected to was rightly admitted.* It all bore upon the question of whether or not the plaintiff's intestate was in the exercise of due care.

*Exceptions sustained.*

---

* This evidence was upon the following points: 1. As to the customary manner of uncoupling cars. 2. As to the practice of conductors to do the uncoupling. 3. As to whether the train ordinarily came up to the switch-stand. 4. As to the distance at which the switch-stand could be seen.