### FRANK D. GLEASON *vs.* FREEBORN G. SMITH.

Worcester.     October 3, 1898. — October 19, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Master and Servant — Negligence — Dangerous Machine — Assumption of Risk — Action — Evidence.*

A person of several years' experience, who is employed to work upon a moulding machine, and who is injured by having his hand come in contact with the revolving knives on the machine, which is an ordinary machine in perfect condition, cannot maintain an action against his employer for his injury, on the ground that he was negligently set to work upon a dangerous machine without warning him of the danger, because a guard, which is no part of the machine, but an appliance made by workmen using the machine without request or direction of the employer, was not so wide as one which he had previously used elsewhere, and did not cover the whole sweep of the knives; and evidence of experts to show that this machine was in their opinion very dangerous is rightly excluded.

TORT, for personal injuries sustained by the plaintiff while in the defendant's employ.     Trial in the Superior Court, before *Bond*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.     The facts appear in the opinion.

*A. P. Rugg*, for the plaintiff.

*E. P. Pierce*, for the defendant, was not called upon.

KNOWLTON, J.     The plaintiff was employed by the defendant as a moulder in a wood working shop where piano cases were manufactured, and while working upon a machine moulding the top of a piano his thumb and two fingers were cut off.     He contends that the defendant was negligent in setting him to work upon a dangerous machine without warning him of the danger. The only objection which he now makes to the machine is that a guard used upon it was not so wide as it should have been.

The plaintiff testified that he had been a moulder ten years or more, and had worked for the defendant in this shop about four years prior to the accident, and before working for the defendant had worked in four other shops where work was done similar to that done by the defendant.     In these shops he had worked two years upon a machine like that upon which he was

injured, except in respect to its guard. In the defendant's shop he had worked moulding pieces of wood smaller than piano tops, upon machines whose working was similar to that upon which he was injured, but he had never worked upon that particular machine until the day of the accident. He testified that he knew that guards or springs are not made or furnished by manufacturers of moulding machines, and that the machines made no provision for the attachment of guards or springs ; that they are not ordinarily provided by employers for use upon machines; that in every instance, so far as he knew, they were made by the workmen without request or direction of employers, when the work was such that they could use them ; that when he worked in another shop moulding piano tops he had made one similar to that upon the defendant's machine, except that it covered the whole sweep of the knives, and that he made it from his own experience and judgment, without request from his employer.

The guard on the defendant's machine had been made five or six years before the accident by some workmen employed in the defendant's shop, and had been used as the work done there required ever since. It was there when the plaintiff entered the defendant's service, and was the only one that had been in the shop during the time that he worked there. It was used only when piano tops were being moulded. It was not imperfect or defective in form or material, except that it did not cover the entire sweep of the knives, and did not furnish so much protection to the workmen as if it had been wider.

The plaintiff, while working upon the machine, saw a defect in the board that was being moulded, and put his hand along the outer edge of the guard to examine the defect and to discover by the sense of feeling just what it was. His fingers came in contact with the rapidly revolving knives, and were cut.

We need not consider the question whether there was any evidence that the plaintiff was in the exercise of due care, for we are of opinion that there was no evidence of negligence on the part of the defendant. The plaintiff contracted to work as a moulder, and he impliedly agreed to assume the risk of working upon ordinary moulding machines. The machine on which he was injured was an ordinary machine in perfect condition. A

guard, which was no part of the machine, but was an appliance made by the workmen using the machine, was not so wide as one which the plaintiff had previously made before he was employed by the defendant. If there was negligence in that part of the business which is ordinarily done by employees in connection with the use of their machines, it was one of the risks of the business assumed by the plaintiff in entering the service. Even if the machine and its guard be considered together as something to be furnished complete by the defendant for the particular work which the plaintiff was doing, the defendant was not bound to change the construction of the machine if its condition was open and obvious when the plaintiff contracted to work in the business, and if there were no concealed dangers which one about to enter the service could not readily discover. That the plaintiff did not in fact know of the particular danger when he made his contract is immaterial, if, with the exercise of due diligence, he might have known it. *Murch* v. *Thomas Wilson's Sons*, 168 Mass. 408.     *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135.     *Fisk* v. *Fitchburg Railroad*, 158 Mass. 238.     *Goodridge* v. *Washington Mills Co.* 160 Mass. 234.     *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.     *Goodes* v. *Boston & Albany Railroad*, 162 Mass. 287.

Although the plaintiff could not see the knives when the machine was in operation, there is nothing to indicate that an examination of the machine when it was at rest would not have shown that the guard did not fully cover the knives. If the plaintiff had chosen to use them, he evidently had all the means of seeing the relation of the guard to the knives which the workmen had who made the guard. He put his thumb and fingers against the knives without making an examination. The defendant had no reason to suppose that he needed instruction in regard to this danger, and owed him no duty either to change the guards or to give him instruction or warning about it.

The testimony of experts, to show that this machine was in their opinion very dangerous, was rightly excluded. The elements and the degree of the danger involved in using it could be understood by persons of common intelligence without the aid of experts.

*Exceptions overruled.*