Hillsborough, }
  June, 1899. }

LEAZOTTE *v.* BOSTON & MAINE RAILROAD.

When there is a conflict between the *lex loci* and the *lex fori*, the former governs in torts the same as in contracts.

A servant who voluntarily continues in an employment, with knowledge of the master's habitual negligence and the increased peril thereby incurred, assumes the risk of dangers arising therefrom.

CASE, for negligence. Trial by jury, and verdict for the plaintiff. The default complained of was the defendants' failure to inspect the brake on a coal car of the New York & New England Railroad, which they had received from a connecting line at Worcester, Mass., to haul over their line to Greendale, Mass. The plaintiff's evidence tended to prove that he had been in the defendants' employ as a freight brakeman between Nashua and Worcester, Mass., for more than five years prior to the time of the accident. At that time he was on a siding at Greendale, shifting out this car. There was a platform about eighteen inches wide on the end of the car for brakemen to stand upon when doing this work. The brake rod came up through the center of the platform about three or three and one half feet, with nothing to support it. This rod had a defect in it which had ex-

isted for some time, but which was not readily discoverable by the plaintiff. The car was in motion, and the plaintiff was standing upon the platform; and when, in the performance of his duty, he attempted to set the brake, the rod broke because of the defect and threw him upon the track, thus causing his injuries.

The defendants were accustomed to inspect the running gear of foreign cars and occasionally the brakes far enough to discover if the chains were attached to the rods, but made no other inspection of brakes unless their attention was called to those upon some particular car. The plaintiff was a man of ordinary intelligence, familiar with his work and with this system of inspection.

The defendants excepted to the denial of their motion for a nonsuit; and the plaintiff, to the ruling of the court that whatever would be a defence to this action in Massachusetts is a defence here.

*George B. French* and *Jeremiah J. Doyle*, for the plaintiff.

*Charles H. Burns* and *Charles J. Hamblett*, for the defendants.

YOUNG, J. The rights of parties in actions of tort are so far governed by the *lex loci* that whatever would be a defence to an action where the cause arose is a defence here. *Beacham* v. *Portsmouth Bridge*, 68 N. H. 382. The rule of the United States supreme court, that it will adopt its own construction of the common law (*Baltimore, etc., R. R.* v. *Baugh*, 149 U. S. 368, 378), has no application, for this court has no co-ordinate jurisdiction with the courts of Massachusetts.

Inspection was the only duty which the law of Massachusetts imposed upon the defendants for the plaintiff's benefit in respect of this car; and they performed this duty if they furnished competent, sufficient, and suitable inspectors, acting under proper superintendence, rules, and instructions. *Mackin* v. *Railroad*, 135 Mass. 201. The defendants' habitual neglect to inspect the brakes on cars which they received from connecting lines was the only evidence of their failure to perform this duty; and while this is evidence of the defendants' negligence (*Coffee* v. *Railroad*, 155 Mass. 21), it is not of itself sufficient to establish their liability; for the burden is on the plaintiff to show all the facts necessary to constitute his cause of action, and one of these facts is that the accident was not caused by a risk which he assumed when he entered the defendants' employment.

A servant assumes the risk arising from all the ordinary dangers of his employment, of which he either knows or might have known by the exercise of due care; and this includes any risk

arising from the negligent performance of the master's duties, if the servant knows of this danger and voluntarily remains in the master's employment.

Upon this point the law is the same both in this state and in Massachusetts. *Allen* v. *Railroad,* 69 N. H. 271; *Young* v. *Railroad,* 69 N. H. 356; *Collins* v. *Car Co.,* 68 N. H. 196; *Hardy* v. *Railroad,* 68 N. H. 523; *Nourie* v. *Theobald,* 68 N. H. 564; *Demars* v. *Glen Mfg. Co.,* 67 N. H. 404; *Bancroft* v. *Railroad,* 67 N. H. 466; *Henderson* v. *Williams,* 66 N. H. 405; *Hanley* v. *Railway,* 62 N. H. 274; *Nash* v. *Company,* 62 N. H. 406; *Fifield* v. *Railroad,* 42 N. H. 225, 236, 240; *Davis* v. *Forbes,* 171 Mass. 548; *Tenanty* v. *Company,* 170 Mass. 323, 324, 325; *Murch* v. *Wilson,* 168 Mass. 408, 410; *Bell* v. *Railroad,* 168 Mass. 443; *Austin* v. *Railroad,* 164 Mass. 282, 284; *Goodes* v. *Railroad,* 162 Mass. 287, 288; *Goldthwait* v. *Railway,* 160 Mass. 554.

The plaintiff was familiar with his work and with the defendants' system of inspection. He knew that they never made any test to discover the strength of brake rods on foreign cars. The danger from insufficient brake rods on cars of this kind is so apparent that no man of ordinary prudence could fail to see and appreciate it; and the plaintiff, by voluntarily remaining in the defendants' employment after he knew of this danger, must be held to have assumed this risk.

*Verdict set aside : judgment for the defendants.*

PEASLEE, J., did not sit: the others concurred.