## DANIEL QUINN *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   November 20, 1899. — January 4, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Railroad — Action — Contract — Statute.*

A brakeman in the employ of a railroad corporation, while sitting on the top of a fruit car with his legs hanging over the side, had his head struck by the cornice of a roof over a station platform about one foot and five inches from the line of the nearest rail, and about fourteen and a half feet above the rail, and was injured. He knew that the car was larger than usual, that there was this roof at this place, that there was danger from it, and that he was approaching the place. By his written application for employment he undertook as soon as possible to make a careful examination of all things near the tracks so that he might understand the dangers attending them. *Held*, that he could not maintain an action against the corporation for his injury.

An agreement, in a written application to a railroad corporation for employment, to make as soon as possible a careful examination of all things near the tracks, so that the dangers attending them may be understood, is not contrary to St. 1894, c. 508, § 6, (Pub. Sts. c. 74, § 3,) forbidding an employer to contract with an employee for exemption from liability for injury.

The provision of Pub. Sts. c. 112, § 160, requiring railroad coporations to maintain guards at every structure, any portion of which crosses the railroad above the track, does not apply to the cornice of a roof over a station platform about a foot and a half from the line of the nearest rail and about fourteen and a half feet above the rail.

TORT, for personal injuries sustained by the plaintiff, through the alleged negligence of the defendant, while in its employ as a brakeman.   Trial in the Superior Court, before *Blodgett*, J., who declined to rule, as requested by the defendant, that the plaintiff could not recover; and ruled that the case should be submitted to the jury.   By agreement of the parties, a verdict was returned for the plaintiff; and the case was reported for the determination of this court.   If the ruling was right, judgment was to be entered on the verdict; otherwise judgment was to be entered for the defendant.   The facts appear in the opinion.

*C. F. Choate, Jr.,* for the defendant.

*J. E. Cotter,* (*J. P. Fagan* with him,) for the plaintiff.

HOLMES, C. J.   This is an action for personal injuries.   The plaintiff was a brakeman in the employ of the defendant.   He was sitting on the top of a fruit car, with his legs hanging over the side, when his head struck the cornice of a roof over a station platform at Mansfield, and he was knocked off and hurt. He knew that the car upon which he sat was larger than usual; that there was this roof at this place, not very far from the cars, and that there was danger from it.   He also knew that he was approaching the place.   By his written application for employment he undertook, as soon as possible, to make a careful examination of all things near the tracks, so that he might understand the dangers attending them.   The evidence is a little confused as to the precise distance of the cornice from the line of the nearest rail, but probably it was one foot and five inches at the nearest point where the plaintiff may be assumed to have struck, and about fourteen and a half feet above the rail.

Employees, perhaps, may be held to assume the risks ordinarily to be expected upon railroad trains, irrespective of their having actually gone over the road.   It may be enough that the risks would be visible on inspection.   *Ryan* v. *New York, New Haven, & Hartford Railroad,* 169 Mass. 267, 271.   But it may be, also, that if structures are unusually near the track, the risk from them would not be held to be assumed by the employee unless he actually knew their situation.   If such a distinction should prevail, it may be that the decisions by a gradual but inevitable process ultimately will fix the distance at which structures cease to be ordinary and become extraordinary risks.   There would be nothing any more anomalous in such a result than there is in fixing the point of change between night and day, or between minority and majority, or the reasonable time for demand upon a note.   Therefore it does not dispose of this case, necessarily, to ask, as the counsel for the defendant asked, how we are to draw the line between an object distant one foot and ten or eleven inches, of which the plaintiff was held to take the risk in *Goodes* v. *Boston & Albany Railroad,* 162 Mass. 287, and one distant one foot and five inches, as in the present case.

The ground of decision in *Goodes* v. *Boston & Albany Railroad* was not that the switch was one of the risks to be expected in the business, but that the plaintiff's intestate knew all about it,

as it was.   We are of opinion that the same principle must be applied in the present case.   Taking the plaintiff's knowledge, as we have stated it, and his contract, together, the actual understanding between the parties, the very meaning and purport of their words was that the plaintiff took the risk of at least all those permanent structures which he had had a chance to examine and undertook to examine.   This was one of them.   He knew that it was dangerous, and was bound to look out for it.   See *Fisk* v. *Fitchburg Railroad*, 158 Mass. 238.   There is nothing in this agreement contrary to St. 1894, c. 508, § 6.   Pub. Sts. c. 74, § 3.   As our decision stands well enough on these grounds, we express no opinion whether the plaintiff would be held to take the risk of such a structure irrespective of knowledge, opportunity to examine it, or special contract.   *Content* v. *New York, New Haven, and Hartford Railroad*, 165 Mass. 267.

The defendant was not required to maintain a guard at the cornice.   The cornice did not cross the railroad within Pub. Sts. c. 112, § 160.                    *Judgment for the defendant.*