HECTOR LANGLOIS *vs.* DUNN WORSTED MILLS.

PROVIDENCE—FEBRUARY 15, 1904.

PRESENT: Stiness C. J., Douglas and Blodgett, JJ.

(1)  *Negligence.     Proximate Cause.     Emergency.     Youth of Plaintiff.*
*Assumed Risk.*

Declaration alleged that plaintiff was employed to work on a machine which was defective for want of a lever to stop it when in motion; that plaintiff was 14 years old, of immature intelligence and feeble memory;

that it suddenly became necessary to put the geared wheel out of gear; that he momentarily forgot the absence of said lever, and in haste reached for the place where the lever should have been, and his hand became caught in the geared wheel. On demurrer:—

*Held,* that the declaration did not show that the absence of the lever, the only defect complained of as negligence, was the proximate cause of the injury, since plaintiff must have put his hand beyond the spot where the lever should have been and into the gears.

*Held,* further, that the declaration showed contributory negligence on the part of the plaintiff, since forgetfulness does not excuse want of due care.

*Held,* further, that the declaration did not set out an emergency, or show impending peril, to excuse the error in judgment.

*Held,* further, that youth and immaturity are not enough if the plaintiff knew and appreciated the danger as the declaration implied.

*Held,* further, that a promise by defendant to repair a defect is immaterial, where the alleged defect is not the proximate cause of injury.

(2)     *Employers' Liability.     Statutes.     Assumed Risks.     Contributory Negligence.*

Gen. Laws cap. 68, § 6, provides "All belting and gearing shall be provided with proper safe guard:"—

*Held,* that an employer is not chargeable to a servant for failure to comply with this statute where the danger was open and obvious.

*Held,* further, that in the case at bar the danger was obvious, notwithstanding the youth of plaintiff.

(3)     *Construction of Statutes.*

The court will not presume that a statute was intended to change a rule of the common law unless such intent appears.

TRESPASS ON THE CASE. Heard on demurrer to declaration; and demurrer sustained.

STINESS, C. J. The first, second, and fourth counts of the declaration are demurred to. The first two counts set forth, in substance, that the plaintiff was employed to work on a machine which was defective for want of a lever to stop it when in motion; that the plaintiff was fourteen years of age, of immature intelligence and feeble memory; that it suddenly became necessary to put the geared wheel out of gear; that he "momentarily forgot the absence of said lever" and in haste reached for the place where the lever should have been, and his hand became caught in the geared wheels.

We think the first two counts are demurrable on several grounds.

(1)   The proximate cause of the injury was not the defect in the machine.

If the plaintiff had put his hand where the lever should have been he would not have been injured, as the lever could not have been in the gears.   The only possible inference from the declaration is that, without looking, the plaintiff hastily put his hand out where the lever should have been, and put it beyond that place into the gears.   He must have done this without looking to see where he was putting his hand.   So far as appears, he might have suffered the same injury had the lever been in place.   He might have put his hand beyond the lever into the gears, had the lever been there in plain sight. ˙ The declaration, therefore, does not show that the absence of the lever, the only defect complained of as negligence, was the proximate cause of the injury.

The declaration also implies that the plaintiff knew of the absence of the lever, because it alleges that he momentarily forgot it; and one can only forget what he knows or has known. It therefore shows contributory negligence on the part of the plaintiff.

Forgetfulness does not excuse want of due care.   It is probably the most prolific cause of negligence.   Hence it is stated in Beach on Contrib. Neg. 3d ed. § 47: "Where one knowing the danger temporarily forgets it, and in consequence suffers, his forgetfulness will not avail him as an excuse.   What he knows he must remember at his peril; and not to remember is contributory negligence if it occasions the injury."

The doctrine of contributory negligence would be easily disposed of if the plaintiff has only to say, "I forgot."

In *Bruker* v. *Covington*, 69 Ind. 33, an instruction was sustained that if a plaintiff knew that a cellar-way opened into a sidewalk, he must be treated as having taken the risk upon himself; "and this, too, although at the time the fact of the existence of the opening was not present to the plaintiff's mind."

In *Baltimore R. R.* v. *Whitacre*, 35 Ohio St. 627, the court said:   "It is no excuse to a plaintiff seeking to recover for injuries received under such circumstances, that he was absent-

minded and did not look to see, or stop to hear the cars." *Railroad* v. *Hewitt*, 67 Texas, 473.

While knowledge of a defect is not conclusive evidence of contributory negligence in all cases, yet when it appears, the plaintiff's case must be considered in reference to his knowledge, and something must appear to excuse or rebut the presumed assumption of the risk.

Accordingly the plaintiff seeks to set out an emergency, in alleging "that in tending and running said machine, it then and there, suddenly and unexpectedly to the plaintiff, became necessary for the plaintiff immediately to put said geared wheel out of gear as aforesaid; that the plaintiff, startled by said sudden and unexpected occurrence, momentarily forgot the absence of said lever, and in his haste reached for the place where the lever should have been, intending therewith to throw said wheel out of gear; and exerted himself and made the motions to that end which would have been proper, safe, and necessary had said lever been in place; that, owing to the absence of said lever, the plaintiff's hand, while he was in the exercise of due care, exerting himself and making the motions aforesaid in the course of his employment, suddenly became caught by said geared wheels," etc.

This states no emergency.

Unusual and unexpected action, for which one is not prepared, are important elements of an emergency

So far as appears, the sudden throwing of the wheels out of gear was nothing unusual. Indeed, the lever referred to was for that very purpose. Its use also implies a quick ungearing of the wheels. No unusual exigency is averred, demanding exclusive attention. *Disano* v. *N. E. Steam Brick Co.*, 20 R. I. 452; *Russell* v. *Riverside*, 24 R. I. 591.

Neither does it show impending peril, where error in judgment may be excused. *Baumler* v. *Narragansett*, 23 R. I. 430. On the contrary it avers forgetfulness simply, failure to look, and the putting of his hand where the lever would not have been had it been in place.

The youth and immaturity of the plaintiff are alleged, but this is not enough if the plaintiff knew and appreciated the

danger. There is no allegation that he did not. On the contrary, as already stated, the declaration implies knowledge on his part.

A promise by the defendant's foreman to replace the lever is also alleged in the declaration; but as the absence of the lever was not the proximate cause of the injury, the allegation has no bearing on the case.

(2)    The fourth count charges the defendant with a violation of Gen. Laws cap. 68, § 6.

The part of the section bearing upon this case is: "All belting and gearing shall be provided with proper safeguard."

The question whether a plaintiff can recover for a breach of statutory duty, notwithstanding an assumption of risk or contributory negligence on his part, is one on which there is some difference of opinion; but we think the clear weight of reason and authority is against such recovery.

A statutory duty is no more imperative in law than a common-law duty. A penalty may be imposed upon the offender for a breach of statute, but it does not change the relations between the parties, except to the extent that one entering the employ of another may assume, in absence of knowledge, that the terms of the statute have been complied with.

In the recent case of *Pierce* v. *Contrexville*, 25 R. I. 512, the court held that an averment of non-compliance with statute would state a case, and that nothing appeared to show that the plaintiff had assumed the risk of working near an unguarded belt which drew in her hair. The court said: "If the risk of having her hair caught in the manner set out in the declaration was an obvious one, then undoubtedly the plaintiff assumed such risk and has no cause of action."

The court held, however, that the risk of having loose hair drawn into a pulley was not so obvious as to charge her with an assumption of the risk, from mere knowledge that the belt was not guarded.

We think this states the correct rule. It is well settled that a servant who goes to work in the face of an obvious or known defect, due to the negligence of the master, assumes the risk of (3) such employment. It is also well settled that a court will not

presume that a statute is intended to change a rule of common law unless such an intent appears. Hence some statutes have expressly excluded the defence of contributory negligence. *Quackenbush* v. *Wisconsin*, 62 Wis. 411.

There is nothing in the statute before us to show an intention to abrogate the rule of assumed risks. It has been common practice, here and elsewhere, to construe statutory duties in connection with assumed risks and contributory negligence. For example—ever since the advent of railroads, statutes have required the sounding of a bell or whistle in approaching a highway crossing. Yet, though the statute should be negligently disregarded, it has never been held that a plaintiff, seeing the approach of a train and injured while attempting to cross ahead of it, could recover. He would be held to have assumed the risk of so crossing, or to have been guilty of contributory negligence.

The mere fact that the railroad company had violated the statute would not warrant a recovery.

The question involved in this demurrer has been passed upon in several States, and we will briefly consider some of the cases.

In *Goodridge* v. *Washington*, 160 Mass. 234, a demurrer to the declaration, one of the counts being under a statute, was sustained, where the plaintiff worked upon a loom with unguarded gearing, and the danger was obvious. See also *O'Maley* v. *South Boston*, 158 Mass. 135.

In *Knisley* v. *Pratt*, 148 N. Y. 372, the court held that there is no reason in principle or authority why an employee should not be allowed to assume the obvious risks of the business, as well under the factory act as otherwise, and that no rule of public policy prevents an employee from deciding whether, in view of increased wages or the difficulty of getting employment, it may not be wise and prudent to accept employment subject to the rule of obvious risks.

In *Fitzgerald* v. *Elsas*, 30 Mis'c. N. Y. 438, continuance in employment was held to be a waiver, by a boy of sixteen, of the protection of the factory act against an unguarded cog-wheel. Other cases in New York, to the same effect, are *Stewart* v. *Ferguson*, 34 App. Div. N. Y. 515; *Monzi* v. *Friedline*, 33

App. Div. N. Y. 217; *Graves* v. *Brewer*, 4 App. Div. N. Y. 327. To the same effect is *Grand* v. *Railroad*, 83 Mich. 564; and *Victor Coal Co.* v. *Muir*, 20 Colo. 320.

All the cases but one holding the contrary view, cited in 20 A. & E. Ency. Law, 121, arose from accidents in mines, where, in view of the great danger and the separation of the plaintiff from its cause, the requirements of the law have been applied with great strictness.

From *Guedelhofer* v. *Ernsting*, 23 Ind. App. 188, we are led to think that greater strictness is required in mines than in ordinary cases.

One of the cases in the class just mentioned, *Boyd* v. *Brazil* (Ind. App. 1898), 50 N. E. Rep. 368, was a mine case, for failure to provide supports according to law. But in *Guedelhofer* v. *Ernsting*, the same court held that an employer was not chargeable to a servant for failure to place guards over revolving knives where the danger was open and obvious.

We agree with this last statement, as the rule applicable to this case.

In the present case the danger was obvious, notwithstanding the alleged youthfulness of the plaintiff. If he knew enough to run the machine, as appears in the declaration, he must have known enough to realize its danger.

In *Buckley* v. *Gutta Percha*, 113 N. Y. 540, the court said, of a boy of twelve years: "It is idle to say that this plaintiff did not know as well as a grown man that if he placed his fingers between the revolving cogs he would be injured."

As stated in *Dimmey* v. *Wheeling R. R Co.* 27 W. Va. 32 (7 Am. Neg. Cases, 111): "If a declaration shows on its face that the plaintiff's negligence contributed directly to and in part caused the injury complained of, it will be held bad on demurrer."

The demurrer to the first, second, and fourth counts of the declaration are sustained.

*McFee & Greene*, for plaintiff.

*Comstock & Gardner*, for defendant.