L. ANDERSON v. H. W. OLIVER ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY.

Argued October 15, 1890—Decided November 3, 1890.
[To be reported.]

1. When no exception was taken to the refusal by the court below to take off a judgment of peremptory nonsuit entered, the testimony for the plaintiff cannot come before the Supreme Court, and the action of the court below in refusing the motion cannot be reviewed: Bondz v. Penna. Co., ante, 153.

Statement of Facts.

2. A direction that a paper be filed, makes it a part of the record only when the law declares that it shall become so upon such filing; wherefore, an order that the official stenographer file his notes of the trial, followed by their filing, will not supply the place of a bill of exceptions: Northumberland Co. Bank v. Eyer, 58 Pa. 97, distinguished.

3. A laborer at a furnace, who, while unloading a railroad car in the course of his employment, was injured in consequence of a defective brake thereon, the car being owned by a railroad company and having been delivered by it at the furnace in the defective condition, cannot recover damages for such injury from his employer.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 203 October Term 1890, Sup. Ct.; court below, No. 2 December Term 1889, C. P.

On September 3, 1889, Lars Anderson brought trespass against Henry W. Oliver and others, partners as Oliver Brothers & Phillips, to recover damages for personal injuries alleged to have been suffered by the plaintiff through the negligence of the defendants. The defendants pleaded not guilty.

At the trial on January 21, 1890, before McMICHAEL, J., the following facts were shown upon the part of the plaintiff:

The defendants were operating the Rosena furnace at New Castle. The iron ore and other materials used in such operation were shipped to the furnace by rail and delivered by the railroad company upon tracks on the furnace premises, which lay upon trestles so as to elevate the cars to the proper height for unloading.

The plaintiff was in the employ of the defendants, and in April, 1889, was engaged, with other laborers in unloading cars upon one of the trestles. The trestle in question was so arranged that a train of about a dozen cars could be backed upon it and left with the front one at the proper place for unloading, and, when it was emptied and moved out of the way, the others could be brought to the same place, one or two at a time, and unloaded. The track upon the trestle was laid with such a grade that ordinarily these movements of the cars could be effected with the force of gravity, but frequently, in consequence of the tightness of the axles, or the friction produced by the action of straight flanges upon the rails, it was necessary to push the cars along the track by means of a " pinch bar."

Statement of Facts.

The employees of the railroad company, after running a loaded train upon the trestle, would set the brakes on each of the cars before leaving them, and the defendants' employees would have nothing to do with the cars until ready to unload them. After they were unloaded, the railroad company would again take charge of them. When engaged in the work of unloading, the laborers would usually, just before cutting a car from the train, try the brake upon the car behind it to see whether it was properly set. The defendants' labor boss, who had charge of the men employed in this work, had often cautioned them to be careful about ascertaining that the brakes were tight upon cars left standing behind them, but he endeavored to see that the oldest hands should attend to the brakes, and sometimes prevented men like the plaintiff, who was a Swede, unable to speak English, from doing so. Two or three days before the accident, the plaintiff started to examine the brake of a car, standing on the trestle, from which another was about to be detached, when the boss motioned him back.

On April 23, 1889, the plaintiff and two others were at work on the trestle, unloading cars, the boss not being present. Three loaded cars were standing upon the track. Having detached the front car from the other two, the plaintiff and Christopher Parkinson started to push it down the track by means of the pinch bar, while the third man was on top of that car, ready to apply the brake to it when necessary. Parkinson had been informed by a co-laborer that the latter had examined the brakes on the two remaining cars and they were all right, and in consequence of this information, Parkinson refrained from examining them himself. After the car which they were pushing had been moved several lengths, the two remaining cars, probably set in motion by a jarring of the trestle resulting from the work of the plaintiff and Parkinson, came running down the track and struck against the car in front of them, catching the plaintiff's arm between the bumpers and injuring it so that it had to be amputated. The brakes of those two cars were found to be set, but were defective and failed to hold for that reason. It was known to the labor boss, the superintendent and the employees generally, that cars with defective brakes were sometimes run upon the trestle by the railroad

company. The labor boss had power to employ and discharge men.

At the close of the testimony for the plaintiff, the defendants' counsel moved for a compulsory nonsuit.

By the court: I am disposed to think that there is not sufficient evidence, in this case, of negligence on the part of the defendant company, to submit the case to the jury. As I look at it, this was not the defendants' machinery. It was a lot of cars over which the defendants had just as much right to assume, as the workmen had, that they came there in order. As I regard this case, I think I may just as well conclude it, because if I do hear the other side, as I look at it now, I would simply say to the jury that there was not sufficient evidence to warrant a verdict. Motion granted.[1]

—Thereupon, on motion of the plaintiff's counsel the court granted a rule to show cause why the nonsuit should not be taken off, at the same time directing the stenographer to file the notes of the trial. The stenographer's notes having been filed, and argument upon the rule heard, the court on March 8, 1890, entered an order discharging the rule, no exception being sealed to the order. Thereupon the plaintiff took this appeal, assigning the refusal to take off the nonsuit for error.

*Mr. R. B. McComb*, for the appellant.

Counsel cited: Rummel v. Dilworth, 131 Pa. 509; Patterson's Ry. Acc. Law, 311.

*Mr. D. B. Kurtz* (with him *Mr. L. T. Kurtz*), for the appellees:

1. The defendants are not responsible for defects in the brakes upon cars of the railroad company: Ardesco Oil Co. v. Gilson, 63 Pa. 147; Painter v. Pittsburg, 46 Pa. 213; Mansfield Co. v. McEnery, 91 Pa. 185. But, even if they be regarded as owners of the cars, for the time being, the defendants are not liable for such defects if not personally negligent: Shear. & Redf. on Neg., § 87; Allison Mfg. Co. v. McCormick, 118 Pa. 519; Phila. etc. R. Co. v. Hughes, 119 Pa. 301; Payne v. Reese, 100 Pa 301; Pittsb. etc. R. Co. v. Sentmeyer, 92 Pa. 276; Lehigh Coal Co. v. Hayes, 128 Pa. 294. And, if

Opinion of the Court.

the defendants were negligent, the plaintiff's injury was not the natural and probable consequence of such negligence, and they are not liable : Hoag v. Railroad Co., 85 Pa. 293. It is evident that the plaintiff knew the dangers of his employment, and that he assumed the risks incident to it : Brossman v. Railroad Co., 113 Pa. 490 ; Golwitzer v. Railroad Co., 1 Mona. 72 ; Pittsb. etc. R. Co. v. Sentmeyer, 92 Pa. 276 ; Sykes v. Packer, 99 Pa. 465; Stoneback v. Iron Co., 17 W. N. 295 ; Carroll v. Coal Co., 22 W. N. 439.

2. To recover, the plaintiff must show negligence of the defendants, without any contributory negligence on his part: Waters v. Wing, 59 Pa. 211. But he cannot recover for the negligence of a co-employee : Duffy v. Oliver Bros., 131 Pa. 203; Ryan v. Railroad Co., 23 Pa. 384; and the labor boss was such: Keystone Bridge Co. v. Newberry, 96 Pa. 246; Lehigh V. Coal Co. v. Jones, 86 Pa. 432. And for an injury received while working under a competent foreman, with appliances for a long time in common use, and without notice of any defect to the employer, an employee cannot recover : Faber v. Manuf. Co., 126 Pa. 387. Nor is there any liability for an accident that could not reasonably be anticipated : Penna. R. Co. v. Fries, 87 Pa. 234 ; Wannamaker v. Burke, 111 Pa. 423. The scintilla doctrine is exploded : Howard Exp. Co. v. Wile, 64 Pa. 201 ; and the court was right in taking the case from the jury : Longenecker v. Railroad Co., 105 Pa. 328; Phila. etc. R. Co. v. Schertle, 97 Pa. 450; Randall v. Railroad Co., 109 U. S. 478.

OPINION, Mr. CHIEF JUSTICE PAXSON :

The court below entered a judgment of nonsuit, and the only assignment of error is to the refusal to take it off. Objection is made that there was no exception to the refusal. In Bondz v. Pennsylvania Co., ante, 153, we held that where, in case of a nonsuit, there is no exception taken to the refusal to take it off, the evidence is not before us and we cannot review the action of the court below upon any question arising upon the evidence.

The case in hand differs from Bondz v. Pennsylvania Co. in this, that it appears by the docket entries that the stenographer was directed by the court below to file the notes of trial. It

was claimed that this brought the case within the ruling in Northumberland Co. Bank v. Eyer, 58 Pa. 97, and that the notes thus filed became a part of the record for all purposes. An examination of that case, however, discloses the fact that it was decided under the act of February 24, 1806, § 25, 4 Sm. L. 276, by which it is made the duty of the presidents of the courts of Common Pleas, if either party or their counsel require it, to reduce their opinions in any cause to writing, and to file the same of record. Under this act it has been held that opinions thus filed, by the positive command of the law, are of the body of the record, and that the law intends that the judge shall place upon the record also such facts as are necessary to explain his opinion: Downing v. Baldwin, 1 S. & R. 298; Munderbach v. Lutz, 14 S. & R. 125. It is very evident this case does not come within the act above referred to.

There was no charge filed here; there was none delivered. The plaintiff was nonsuited, and the jury had nothing to do with the case. The filing of the notes of evidence did not bring them into the body of the record, because they were not filed in obedience to any law. The mere direction of the trial judge to have a paper filed does not make it a part of the record, unless the law declares that it shall become so upon such filing. In this case, the filing of the notes was proper enough, in order to have them convenient for use upon a motion for a new trial, but they are of no use here, because they are here irregularly. We have looked into them, however, and are of opinion that the plaintiff has not suffered from the omission.

At the time the plaintiff received the injury of which he complains, he was employed at defendants' furnace, in the work of unloading ore and coke from railroad cars run back by the railroad companies into the stock-house of the furnace upon trestles with a slightly descending grade. It was alleged that the injury was caused by a defective brake on one of the cars. The running forward and unloading of the cars was done by laborers at the furnace, all of whom were under the control of the labor boss. If the accident was the result of the negligence of any of the laborers in handling the cars, the plaintiff cannot recover, because they were his co-employees. If it was owing to a defective brake, the defendants are not responsible, because they did not own the cars, and had no control over them

further than to unload them. They belonged to the railroad company. In either view of the case, the plaintiff cannot recover.

Judgment affirmed.

