## WILLIAM H. SPAULDING *vs.* W. N. FLYNT GRANITE COMPANY.

Hampden.    September 26, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Master and Servant — Defective Appliance.*

In an action for personal injuries occasioned to the plaintiff while in the defendant's employ, it appeared that he was directed to run a car loaded with stone down from the defendant's quarry to where the car would be taken away by an engine on a certain railroad; that the track over which he was to pass descended gradually, so that the car moved by gravitation; that, after starting, the plaintiff found that he could not control the car with the brake; and that it ran away with him, ran into some other cars, and the plaintiff's foot was crushed by the stone. The plaintiff's evidence tended to show that the brake was defective. *Held*, that it could not be ruled that the plaintiff was negligent because he did not jump from the car as soon as he saw that there was trouble with the brake, or later, if it would have been prudent to do so, he testifying that his foot was caught so that he could not; or that he was negligent because he let the brake off a little at the beginning, even if the car moved gradually before he did so, the defendant's witnesses testifying that the car did not move until the brake was loosed.

The fact that a car, which, when loaded with stone, is run upon a descending track from a quarry to a point where it is taken away by an engine on a railroad, is furnished by the railroad corporation, will not relieve the owner of the quarry from liability for personal injuries occasioned by a defect in the car to a workman employed by him to run it; and it is immaterial that he is obliged to take whatever car is furnished to him.

HOLMES, J. This is an action for personal injuries. The plaintiff was a workman employed by the defendant, and was directed to run a car loaded with stone down from the defendant's quarry to where the car would be taken away by an

engine on the Boston and Albany Railroad. The track over which he was to pass descended gradually, so that the car moved by gravitation. After starting, the plaintiff found that he could not control the car with the brake ; it ran away with him, ran into some other cars, and the plaintiff's foot was crushed by the stone. The plaintiff's evidence tended to show that the brake was defective. The defence mainly relied on is that the car was furnished by the Boston and Albany Railroad, that the defendant had to take what it could get, and therefore that it ought not to be held to the rule as to furnishing proper instrumentalities, but only to the duty of inspection, as in the case of cars received from connecting lines to be forwarded. *Mackin* v. *Boston & Albany Railroad*, 135 Mass. 201. *Keith* v. *New Haven & Northampton Co.* 140 Mass. 175, 180. The judge before whom the case was tried ruled otherwise, and the defendant excepted. There are also the usual suggestions, that the plaintiff was negligent or took the risk, and that the defendant used due care.

There was no ground for ruling that the plaintiff was negligent. It would be absurd to require him to abandon his post and jump from the car at the first instant that he saw that there was trouble with the brake. If at any later moment it would have been prudent to do so, the jury might have found that, as he testified, his foot was caught so that he could not. We cannot say that it necessarily was negligent to let the brake off a little at the very beginning, even if the car moved gradually before the plaintiff did so, but the defendant's witnesses testified that the car did not move until the brake was loosed. If the brake was defective, and the rule as to furnishing proper instrumentalities applies, there was evidence that the defendant had not satisfied that rule, but might have discovered the defect. If it should be found not to have done so, of course the plaintiff did not take the risk of its negligence. The jury were instructed that, if the plaintiff undertook to inspect the car himself, he relieved the defendant of its duty.

With regard to the main question above mentioned, we are of opinion that the exception or distinction established by *Mackin* v. *Boston & Albany Railroad* does not apply, and that the ruling was correct. Whatever may be said of a car received

by a railroad only for the purpose of being forwarded and not used by it at all in the process, (*Coffee* v. *New York, New Haven, & Hartford Railroad*, 155 Mass. 21, 23,) this car was used by the defendant as one of the instruments of its business. When that is the case, it does not matter whether the defendant owns the thing used or borrows it. The responsibility of the master to his servants is the same either way.

It is true that the plaintiff testified that the defendant had to take whatever car was brought to it. But even assuming that he is to be held to this statement on a matter probably not within his personal knowledge, he did not mean that the defendant was bound to use any car furnished it, but only that it had to take that or nothing. Probably, if the defendant had seen fit to furnish its own cars, it could have done so. Certainly it was at liberty to carry the stone to the railroad by other means if it preferred. Even if the course of business adopted was the only one commercially practicable, there was nothing to hinder the defendant from seeing that the cars furnished it were put into proper condition before they were used.                               *Exceptions overruled.*

*J. B. Carroll*, for the defendant.
*G. D. Robinson*, for the plaintiff.