McMullen, Appellant, *v.* Carnegie Brothers & Co., Ltd.

*Negligence—Railroads—Appliances—Cars—Master and servant.*

The rule which requires railroad companies to inspect cars received from
other companies and to see that they are in good and safe condition for
their employees to handle, does not apply to companies or persons on whose
sidings loaded cars are delivered for the purpose of permitting the owner
of the siding to unload the freight, even though the sidings of such person
or company may be extensive in number and great in length.

Argued Nov. 8, 1893.    Appeal, No. 280, Oct. T., 1893, by
plaintiff, Celia McMullen, from judgment of C. P. No. 3, Al-
legheny Co., Aug. T., 1893, No. 17, entering nonsuit in favor of
defendant, Carnegie Brothers & Co., Ltd.    Before STERRETT,
C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and
THOMPSON, JJ.

Trespass for death of plaintiff's husband.

At the trial, before McCLUNG, J., it appeared that plaintiff's
husband was a brakeman in the employ of defendant company.
Defendant owned and operated an extensive plant at Braddock

for the manufacture of steel rails and other products from iron. It owned a number of miles of railroad tracks and switches, connecting its mills with neighboring railroads. It also owned and operated a large number of locomotives used in receiving and delivering freight cars. The company employed a large number of men, in the capacity of engineers, firemen, brakemen and yard masters, in receiving and delivering cars. At the time of his death, deceased was employed as head brakeman. On the night of Nov. 11, 1891, at about nine o'clock, deceased was employed in making up an out-going train, and went upon a car owned by the Pennsylvania Railroad Company to set the rear brake. While he was so engaged, the brake wheel which he was required to use in setting the brake, being unfastened, flew off, and he fell to the ground and was run over. It was subsequently discovered that the nut and thread upon which the wheel was screwed was broken off even with the top of the shoulder where the wheel rested upon the staff rod. The condition of the brake indicated that it had been out of repair for several weeks before the accident. It appeared that the car had been upon defendant's tracks for twenty-four hours before the accident occurred.

The court entered a compulsory nonsuit and subsequently refused to take it off, in the following opinion by McClung, J:

" There is no direct evidence in this case of actual notice to the defendants of the defective condition of the brake staff which probably caused the death of the plaintiff's husband. Nor does it appear that the car was in their possession for such length of time that a jury could be permitted to find that in the ordinary course of affairs they should have noticed it.

" Plaintiff's case then depends upon the existence of a duty on the part of defendants to ascertain by inspection that cars delivered to them by the railroad company for the purpose of being unloaded, or loaded, or both, are in good and safe condition before permitting its employees to handle them for the purposes for which they are so delivered.

" The cars used by a railroad company for the purpose of transporting freight are appliances, as to the condition of which the company owes a duty to its employees working upon them which cannot be filled without proper inspection. This, doubtless, applies as to cars borrowed or hired by the railroad com-

pany from another company. It does not, however, apply to companies or persons on whose sidings loaded cars are delivered for the purpose of permitting the owner of the siding to unload the freight.

" It follows that the nonsuit it this case was properly granted and the motion to take it off must be refused."

*Error assigned* was refusal to take off nonsuit.

*M. A. Woodward, John B. Chapman* with him, for appellant. There was proof of negligence on part of defendant, bringing this case clearly within the line of the following authorities: Phila. & R. R. R. v. Huber, 128 Pa. 63; Ellis v. N. Y., L. E. & W. R. R., 95 N. Y. 546; Plank v. N. Y. C. & H. R. R. R., 60 N. Y. 607; Muldowney v. Ill. C. R. R., 36 Ia. 462; Fay v. M. & St. L. Ry., 15 N. W. Rep. 241; G. T. Ry. v. Cummings, 27 Albany L. J. 294; Kain v. Smith, 80 N. Y. 458; Painton v. N. C. R. R., 83 N. Y. 7; Shanny v. Androscoggin Mills, 66 Maine, 420; Gibson v. R. R., 46 Mo. 163; Gottlieb v. N. Y., L. E. & W. R. R., 100 N. Y. 462; Connolly v. Poillion, 41 Barb. 366; Noyes v. Smith, 28 Vt. 59; Ford v. R. R., 110 Mass. 240; Gibson v. P. R. R., 2 Am. Rep. 500; R. R. v. Gildersleeve, 33 Mich. 133; R. R. v. Ingraham, 77 Ill. 309; Ford v. R. R., 14 Am. Rep. 598; Hough v. R. R., 21 Albany L. J. 129; Fuller v. Jewett, 80 N. Y. 52; Kirkpatrick v. N. Y. C. & H. R. R. R., 79 N. Y. 240; Ryan v. Fowler, 24 N. Y. 414; Jetter v. N. Y. & H. R. R., 2 Abb. Ct. App. Dec. 458; O'Neil v. St. L. R. R., 9 Fed. Rep. 337; Gutridge v. Mo. Pac. R. R., 94 Mo. 474; P. R. R. v. Roy, 102 U. S. 457.

*James H. Reed, G. D. Packer, Edwin W. Smith* and *P. C. Knox* with him, for appellee, cited : P. & R. R. R. v. Schertle, 97 Pa. 450; Reese v. Clark, 146 Pa. 465; Mixter v. Imperial Coal Co., 152 Pa. 395; Anderson v. Oliver, 138 Pa. 156; Mansfield Coal Co. v. McEnery, 91 Pa. 185; Allison v. McCormick, 118 Pa. 519; Whart. Neg. 212: Gottlieb v. R. R., 100 N. Y. 462; O'Neil v. Ry., 9 Fed. Rep. 341.

PER CURIAM, November 14, 1893 :
We are satisfied, from an examination of the testimony in

this case, that there was no error in refusing to take off the judgment of nonsuit; and, for the reasons given in the opinion of the learned judge of the court below, the judgment should be affirmed.

Judgment affirmed.