MICHAEL CASHMAN & another *vs.* LONDON GUARANTEE AND ACCIDENT COMPANY.

Essex.   November 30, 1904. — January 4, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Insurance,* Against liability.

A policy insuring a stevedore against liability for accidents to his employees covers liability for an injury to an employee caused by a defect in a platform forming part of a coal run on a wharf belonging to a coal company which the stevedore has agreed to keep in repair under a contract to unload all the coal coming to the coal company at that wharf.

CONTRACT, by a firm of stevedores, on a policy insuring the plaintiffs against liability for injuries to employees " fatal or

non-fatal," alleging such liability incurred and damages paid by reason of fatal injuries to one Garant, who fell from a defective platform of a coal run to the deck of a barge while employed by the plaintiffs in unloading coal from the barge. Writ dated March 19, 1903.

In the Superior Court the case was heard upon an agreed statement of facts, called an agreed statement of evidence, by *Stevens*, J., without a jury. He found for the plaintiffs in the sum of $5,403.69, and gave judgment for that amount. The defendant appealed.

*G. C. Dickson, C. S. Knowles & H. P. Moulton*, for the defendant.

*B. B. Jones & N. N. Jones*, for the plaintiffs.

KNOWLTON, C. J.   This case was submitted upon an agreed statement of facts and evidence, in which it was stipulated that, " if the defendant is entitled as matter of law to a judgment in its favor on the evidence stated, judgment is to be so entered, otherwise judgment is to be entered for the plaintiffs " in a stated sum. Judgment having been entered for the plaintiffs, the defendant appealed, and the question before us is whether there is anything in the facts and evidence to warrant a finding for the plaintiffs.

The action is to recover upon a policy of insurance " against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period of this policy by any employee or employees of the assured while on duty at the places and in the occupations mentioned in the schedule hereinafter given, in and during the continuance of the work described in the said schedule." The occupation of the plaintiffs mentioned in the schedule was that of stevedores and contractors. One of their employees, working as a stevedore, accidentally suffered an injury which quickly caused his death after conscious suffering. An action was brought against the plaintiffs, which was defended by this defendant, and a judgment was recovered which these plaintiffs were obliged to pay. See *Garant* v. *Cashman*, 183 Mass. 13. The evidence in that case is a part of the agreed statement in this, and it shows that there was a liability of the plaintiffs for an accidental injury to one of their employees engaged in the busi-

ness of a stevedore. On its face, the liability seems plainly to come within the terms of the policy, and to warrant a recovery in this action.

The ground of the liability of these plaintiffs in the former action was a defect in their ways, works or machinery, provided for the use of their employees, a part of which was a runway, with an apron or platform attached to it by hinges, which when in use was lowered to a level with the runway, and held in place over the vessel that was being loaded, by hinges and chains. Along each side of the apron were posts and a rope, intended for the protection of the persons working upon it. One of these posts was found to be defective, and this defect was the cause of the injury to the plaintiff's intestate in the former action. The present plaintiffs had entered into a contract with the coal company that owned the runway to keep it in repair, so long as they conducted the business of unloading coal at that place. Their liability for the accident may have been founded on this contract, made in connection with their business as stevedores, and the defence in this action is, that such a contract, creating such a liability to employees, was so foreign to the business of stevedores as to take the liability out of the provisions of the policy of insurance.

In the first place, on the evidence, it may be doubtful whether as matter of law this runway was not a part of the ways, works or machinery of the present plaintiffs, furnished to employees for their use in the business, such as to create a liability to them for its condition, in the absence of such a contract to keep it in repair, and notwithstanding the ownership of the coal company. See *Coffee* v. *New York, New Haven, & Hartford Railroad,* 155 Mass. 21, 23 ; *Trask* v. *Old Colony Railroad,* 156 Mass. 298, 303 ; *Hayes* v. *Philadelphia & Reading Coal & Iron Co.* 150 Mass. 457 ; *Spaulding* v. *Flynt Granite Co.* 159 Mass. 587. But if there would have been no liability to employees without the contract which made the present plaintiffs primarily responsible for the condition of the runway, there is nothing in the evidence to show that such a contract might not properly be made in connection with the plaintiffs' business as stevedores. It seems to us incidental to the business in which they were engaged. They were, and had been for a number of years, under a contract to

unload the coal coming to the coal company at this wharf.  Certainly it cannot be said, as matter of law, that such a contract was so improper or unreasonable.as to take their liability to their employees, on account of it, out of the general provisions of the policy.  To have that effect, a contract must be such as to make the liability not the liability of a stevedore within the meaning of the policy, but a separate and independent liability.

*Judgment affirmed.*