Annie Hyde, administratrix, *vs.* Edward S. Booth.

Suffolk.    January 19, 1905. — May 22, 1905.

Present: Knowlton, C. J., Morton, Lathrop, Loring, & Braley, JJ.

*Negligence,* Employer's liability.   *Ship.*

A stevedore is not liable to the widow and administratrix of a longshoreman employed by him in unloading a vessel for the death and suffering of the plaintiff's husband and intestate caused by his falling into the hold of the vessel from stepping on a defective section of one of the hatches put in place by the intestate and a fellow workman.

The hatches of a vessel are not part of the ways, works or machinery of a stevedore engaged in unloading it.

A stevedore unloading a vessel is not liable at common law for injuries to one of his workmen caused by a defect in the covering of a hatchway of the vessel.

Tort at common law and under R. L. c. 106 by the administratrix of the estate of Lawrence Hyde, a longshoreman, being also his widow, against a stevedore employing him, for causing

the death and conscious suffering of the plaintiff's intestate, with three counts described in the opinion. Writ dated February 1, 1901.

In the Superior Court *Fox*, J. ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

*W. B. Grant*, for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendant.

LATHROP, J. An examination of the bill of exceptions discloses no cause of action against the defendant, and the order of the judge of the Superior Court directing a verdict for the defendant was right.

The evidence shows that the plaintiff's intestate was a longshoreman in the employ of the defendant, a stevedore ; and that the accident happened through a section of one of the hatches of a vessel in which he was working being too short. If the section was placed in position in a certain way, it would not bear any weight upon it. The intestate and one of his fellow workmen placed it in position, the intestate then stepped upon it, was precipitated into the hold, and died after a few moments of conscious suffering.

The first count is under the R. L. c. 106, § 71, cl. 2, and alleges the negligence of a superintendent. There is no evidence to support this count.

The second count is under § 72 of the same chapter, and the negligence alleged under § 71, cl. 1, is a defect in the ways, works or machinery ; and this is the count chiefly relied upon. This count was improperly joined with the others. *Brennan* v. *Standard Oil Co.* 187 Mass. 376. But as this point was not raised at the trial we proceed to consider the case. The hatch in question belonged to the vessel, and was not under the control of the defendant. It was no part of the defendant's ways, works or machinery. *Trask* v. *Old Colony Railroad*, 156 Mass. 298. *Regan* v. *Donovan*, 159 Mass. 1. *Engel* v. *New York, Providence, & Boston Railroad*, 160 Mass. 260. *Hughes* v. *Malden & Melrose Gas Light Co.* 168 Mass. 395. *Moynihan* v. *King's Windsor Cement Co.* 168 Mass. 450, 452. *Riley* v. *Tucker*, 179 Mass. 190. *Kirk* v. *Sturdy*, 187 Mass. 87.

The third count is at common law and alleges failure to furnish proper machinery and a safe place to work. The plaintiff can-

not recover under this count for the defendant did not furnish the machinery, and had no control over the place where the plaintiff's intestate was at work. *Regan* v. *Donovan, Moynihan* v. *King's Windsor Cement Co.* and *Hughes* v. *Malden & Melrose Gas Light Co., supra.*

*Exceptions overruled.*