## HUGH DUNN *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Middlesex.    March 21, 1905. — September 8, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence*, Employer's liability.    *Street Railway*.

A street railway company is not liable either at common law or under the employers' liability act to one of its employees who is injured while under the orders of a superintendent of his employer unloading coal from a car of a steam railroad company for use at a power house of his employer, owing to a defect in the coal car which he is unloading, if it is not the custom of his employer to inspect the cars of the company transporting coal to it.

It is not the duty of a street railway company toward its employees to inspect or repair the cars of a steam railroad company transporting coal to its power house, and it does not make such coal cars a part of its ways, works or machinery by unloading them upon an elevated structure built for the purpose in its coal shed and reached by an incline leading from a spur track of the railroad company.

LATHROP, J.    This is an action of tort for personal injuries sustained by the plaintiff while in the employ of the defendant, on February 20, 1904.    The declaration contains four counts. The first is under the R. L. c. 106, § 71, cl. 2, alleging the negligence of a superintendent.    The second is under cl. 1 of the same statute, for a defect in the defendant's ways, works and machinery.    The third and fourth are at common law.    At the close of the evidence the judge directed a verdict for the defendant and reported the case to this court.    If the verdict was properly ordered, judgment is to be entered for the defendant; otherwise, by agreement of counsel, judgment is to be entered for the plaintiff, and the damages assessed by a jury.

The plaintiff was about thirty years of age, and had been in the employ of the defendant at its power house in Lowell for some sixteen to eighteen months before the accident, engaged in putting asbestos coverings on steam pipes, unloading coal cars and doing other odd jobs when ordered by Nelson Young, the engineer of the defendant in general charge of the power house and the men employed there.

Adjoining the boiler room was a coal shed belonging to the

defendant, into which cars loaded with coal to be unloaded by the defendant were pushed over a single spur track from the road of the Boston and Maine Railroad, running up an incline to an elevated structure, which at the place of the accident was some twenty to twenty-five feet above the floor of the power house, and was level for a space sufficient to accommodate four long coal cars. The track rested on large sleepers supported by beams from the ground. A gangway about two feet wide, for men occupied in unloading cars to stand on, was laid on the sleepers outside the rails on both sides. There was a space some three feet wide between the sleepers and the wall of the shed on the side where the plaintiff fell. These conditions had existed during the time the plaintiff had worked at the power house; and he testified that he did not need any one to give him directions how to unload a coal car.

On the day of the accident the plaintiff, with three others, was ordered by Young " to go and unload them coal cars." There was evidence that while unloading the cars he was injured by a defect in one of the cars. The cars did not belong to the defendant, and it was not its custom to inspect them.

To sustain the counts at common law, the plaintiff relies upon the case of *Spaulding* v. *Flynt Granite Co.* 159 Mass. 587. But that case differs widely from the one before us. There a granite company was using a car to carry its granite from its premises to the place of destination. Here the defendant was merely a consignee of coal delivered on its premises by a car of a railroad company. We are not aware of any case where under such circumstances the consignee has been held liable to its servants for a defect in the car. Nor are we aware of any case which imposes upon the consignee the duty of inspecting the car.

The case of *Foster* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 21, has no application to the case at bar. In that case the defendant was using in its freight house an empty car belonging to another railroad, as a passageway from one of its own cars to the platform of the freight house. There was a hole in the bottom of the car, through which a servant of the defendant fell.

It is further contended that this car was a part of the defendant's ways, works and machinery. But we are of opinion that

under the circumstances of this case the car was not a part of the ways, works and machinery. The car in question was not under the control of the defendant. It was not its duty to inspect it, nor to repair it. *Hyde* v. *Booth*, 188 Mass. 290, and cases cited.

According to the terms of the report the order must be
*Judgment for the defendant.*

*A. S. Howard*, for the plaintiff.

*W. D. Turner*, (*G. Hogg* with him,) for the defendant.