FLORENCE HAWKES *vs.* BROADWALK SHOE COMPANY.

Essex.    November 3, 1910. — November 22, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.

The tenant of the second floor of a three story building, who maintains a factory there, is not liable to one of his employees who is injured by reason of slipping on an accumulation of ice and snow on the steps leading to the ground from a platform attached to the first floor of the building, the platform and the steps being under the control of the landlord and used in common by the tenants of the three floors of the building, although the steps afford the only way by which the employees of the tenant maintaining the factory on the second floor can enter or leave the building, because such steps are not a part of the ways or works of such tenant which under the employers' liability act he is bound to keep safe for the use of his employees, nor is he liable at common law to his employees for the condition of the steps.

TORT for personal injuries sustained by the plaintiff on January 19, 1909, while in the employ of the defendant. Writ in the Central District Court of Northern Essex dated February 9, 1909.

The declaration was in one count alleging that the plaintiff was injured by falling upon a certain flight of steps at the factory on River Street in Haverhill where the plaintiff was employed, by reason of a dangerous accumulation of ice and snow which the defendant negligently had failed to remove. The defendant filed a statement in writing waiving any defense it might have

by reason of the contributory negligence or want of due care of the plaintiff, if it should be found that she was chargeable with any.

On appeal to the Superior Court the case was tried before *Hardy*, J., without a jury. The following facts were shown by the evidence:

The defendant was a tenant at will of the second floor of the three story building where the injuries occurred. The first and third floors were occupied by other tenants at will of the same landlord, and the tenant of the third floor had the right to use concurrently with the defendant an interior stairway leading down to a doorway opening upon the platform from which the steps on which the plaintiff fell led to the ground. The tenant of the first floor used the same platform and steps and a separate doorway from the first floor opening upon that platform. The only way furnished by the defendant to its employees for entering and leaving the building consisted of the outside platform and steps upon which the plaintiff fell and the interior stairway used by the defendant and the tenant of the third floor.

The steps were about ten in number, and the distance from the foot of the steps to the public sidewalk was about fifteen feet. The platform and steps were about eight feet wide, and the steps passed down by the front wall of the building, with a railing over the outer ends of the steps.

The landlord owed no duty to the defendant or its employees to remove ice and snow from the platform and steps, unless it owed such duty by reason of the fact that the defendant was a tenant at will of the landlord; there was no express or specific contract between the landlord and the defendant or the defendant's servants whereby the landlord engaged to remove ice and snow from the platform and steps.

The plaintiff received her alleged injuries on or about January 19, 1909, at about five o'clock in the afternoon, as she was leaving the building after her day's work. There was uncontradicted evidence tending to show that there was no roof or covering over the steps, that no light was kept on the building at or near the steps, that it was dark at the steps when the plaintiff fell, and that the cause of her falling was a hubbly and uneven layer of slippery ice and snow upon the steps. The

plaintiff testified, without being contradicted, that the ice and snow had existed on the steps in the morning, and that it had not been removed or changed during the day. There was un-contradicted evidence showing that the plaintiff fell from the top of the steps to the bottom and thus sustained injuries.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The plaintiff asked the judge to make the following ruling:

" 1. If it is found that the defendant was one of two or more tenants at will or lessees of the building in question, each of whom occupied a separate floor of the three floors of the building, and that the owner or landlord himself occupied the first floor, which was about on the same level as the platform of the steps upon which the alleged injury occurred, and had a door opening upon said platform; that the defendant had become entitled by be-coming a tenant to use said platform and steps as a way for its employees to pass into and out of said building, and had no other way for such use; [that neither the landlord nor any other tenant owed a duty to the defendant or to the defendant's employees to keep said platform and steps free from dangerous accumula-tions of ice and snow; *] that the defendant had the right to use in common with another tenant or tenants an interior stairway leading to a door opening upon said platform, and that they had no other way for their employees to go down from their respec-tive floors; and that the landlord and the other tenants used said platform and steps for the going and coming of their employees, — said platform and steps were a part of the ways connected with and used in the business of the defendant, and the defend-ant owed the duty to the plaintiff, if she was in its employ, not to cause her personal injury, while she was in the exercise of due care, by reason of a defect in the condition of said platform or steps due to a dangerous accumulation of ice and snow, which arose from, or had not been discovered or remedied in conse-quence of, the negligence of the defendant or of a person in its service who had been entrusted by it with the duty of seeing that the ways were in proper condition."

---

* The part enclosed in brackets was contained in the ninth and tenth lines of the request as presented at the trial.

The presiding judge found for the defendant, and filed this memorandum:

" In this case, tried by the court without a jury, I find for the defendant. I decline to give the ruling requested, with the modification that upon the evidence the landlord's duty to the defendant in the absence of an express agreement is one imposed by law if any exists, and I make no special finding of fact thereon as stated in the ninth and tenth lines of such request."

The plaintiff alleged exceptions to the refusal of the presiding judge " to rule as requested by the plaintiff in the plaintiff's written request numbered 1," and " to the ruling made by the judge at the request of the defendant that upon all the evidence the plaintiff is not entitled to recover." It was not stated in the bill of exceptions that the judge made such a ruling as matter of law.

*E. E. Crawshaw*, for the plaintiff.

*J. G. Walsh*, for the defendant.

KNOWLTON, C. J. This action is brought against the plaintiff's employer to recover for an injury received by falling upon a stairway which is alleged to have been slippery and dangerous from an accumulation of snow and ice upon it. The defendant occupied the second story of a three story building, as a tenant at will of the owner. The first and third stories were occupied by other tenants at will. The tenant of the third floor had a right to use, in common with the defendant, an interior stairway leading down to a doorway opening upon a platform outside of the building. From this platform steps, ten in number, led down to the ground at a point about fifteen feet distant from the public sidewalk, and these were used by all the tenants of the building. The platform and steps were about eight feet wide, and the steps passed down by the front wall of the building, with a railing running down to the ground over the outer ends of the steps. The only question in the case is whether these steps were a part of the ways or works of the defendant, which it was bound to keep safe for the use of the plaintiff.

The declaration is under the employers' liability act, and the argument is made under the provisions of that act and the analogous doctrines of the common law.

The legal relation of the defendant to the steps where the

accident happened seems to be that, as the tenant of the second story of the building, it was given a right, in common with others, to pass over the way from the street and up the steps and over the platform and through, the interior passageways to the premises occupied by it as a tenant, while the landlord retained the possession and control of the steps and other parts of the passageway, subject only to the rights of the tenants to pass over them.   Under the decisions, we are of opinion that these steps were not a part of the defendant's ways or works, within the meaning of the employers' liability act.   In *Coffee* v. *New York, New Haven, & Hartford Railroad*, 155 Mass. 21, 23, the court said that, by the language in the statute, " we understand something in the place, or means, appliances, or instrumentalities provided by the employer, for doing or carrying on the work which is to be done.   The use of other words may not make the meaning clearer, but it would seem that there must be a defect in something which can in some sense be said to be provided by the employer."   These steps were not even upon the premises of the employer.   They were not used in his business, but they were a part of the way over which the employer had a right of passage for itself and its employees, to enable them to reach its place of business.   In *Moynihan* v. *King's Windsor Cement Dry Mortar Co.* 168 Mass. 450, 452, upon the question whether a swinging stage was a part of the defendant's ways, works or machinery, the court said: " It would seem that an action could not be supported on that ground without proof that the defendant controlled or managed it.   *Trask* v. *Old Colony Railroad*, 156 Mass. 298.   *Engel* v. *New York, Providence, & Boston Railroad*, 160 Mass. 260."   See also *Hyde* v. *Booth*, 188 Mass. 290; *Dunn* v. *Boston & Northern Street Railway*, 189 Mass. 62.   In holding that the steps were not a part of the defendant's ways or works, we do not find it necessary to go so far as this court has formerly gone in deciding similar cases.

It is equally true, for the same reasons, that the defendant was not liable to the plaintiff for the condition of the place at common law.   The party responsible for the safety of the steps to the persons using them by invitation, was their owner, who retained them in his control.   As a master, the defendant was liable to its servant at common law, only for the condition of

those things provided by it which were directly connected with the business.

The plaintiff has argued, under the decision in *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357, that the owner of the building would not be liable to this plaintiff, who was there under the tenant's right, and that therefore the tenant ought to be held liable.   That decision goes upon the ground that a tenant who, in connection with the hiring of his premises, hires a right of way over other property of his landlord, takes the way as it is, except for concealed defects of which the landlord ought to inform him, and that the landlord is not bound to change its construction or obvious condition ; also upon the further ground that the hiring of such a right of way does not put upon the landlord a duty of removing snow and ice which accumulate solely from natural causes.   The hirer takes his right to use the way as it may be affected by snow or rain falling upon it.   In that case it appeared that there was no change in the condition of the steps, " except that resulting from the accumulation of ice and snow."   While it was held that the landlord was not bound to change the construction of the steps nor to remove snow or ice that accumulated on them from natural causes, it was not decided that the landlord might not be liable for a negligent use of the steps by himself or by other persons, which left them in a very rough and dangerous condition.

The liability of the defendant in this case does not depend upon the question whether the owner is liable, nor can the plaintiff justly complain if she is held to the rule applicable between landlord and tenant, that one having a right of way out of doors, cannot compel the owner of the way to protect it from the direct effects of rain or snow.

*Exceptions overruled.*