## American Machine Co. v. Ferry.

### (Decided December 16, 1910.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Third Division.)

Master and Servant—Dangerous Place to Work—Ignorance of Servant —Liability of Master.—It is the duty of the master to use or- dinary care for the safety of his servant.   He cannot with im- punity send him into a place of danger when he knows the danger and knows the servant is ignorant of it.   When the foreman of the master in charge of the men whose orders the servant was required to obey sent the servant to work in a dangerous place, he, in doing so, represented the master and if in such case the servant was hurt, not knowing the danger, the master liable.

EDELEN & DAVIS, O'NEAL & O'NEAL, for appellant.

EDWARDS, OGDEN & PEAK, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The American Ice Company had at its plant in Louis- ville a tank which had in it coils of heavy iron pipe five or six feet high, and in all, five or six feet wide.   The pipe had become bad and the ice company made a con- tract with the American Machine Company to take out the coils and put in new ones.   The Machine Company sent a crew of men to the ice plant to take out the old coils.   Louis Ferry was a laborer in this crew, and ac- cording to his proof, William Kuesler was the foreman of the crew.   When they got there, Kuesler had them first

to take down the tank. He then had them to take out the bolts which held the heavy iron coils in position. When these bolts were taken out there was nothing to hold them up except gravity. The coils set near one wall and Kuesler ordered Ferry to go to that point and remove certain taps which had to be taken off in order to take the coils apart, as they were too heavy to be taken down, except in sections. While Ferry was doing this work with his back to Kuesler and the other men, Kuesler and one of them began taking off a section of one of the coils on the opposite side. They finally got to a section which was rusted and would not come off. To get it off, Kuesler and the man got a piece of timber and undertook to prize it off with the timber resting against the other coils. When they did this, the force they exerted caused the coils to topple over on Ferry, and he was fastened between them and the wall. Both his legs were broken, and it was some time before they could extricate him. He was confined in an infirmary four months. After this he walked on two crutches for a year, and at the trial walked with some difficulty with a cane. The medical testimony was to the effect that his injuries were permanent, and that one of his legs would never be strong again. He brought this suit against his employer, the American Machine Company, and recovered a judgment for $2,900.00. The Machine Company appeals.

The court instructed the jury in substance that it was the duty of the Machine Company to use ordinary care to provide Ferry a reasonably safe place in which to do his work, and to exercise ordinary care to keep the place in a reasonably safe condition during the time that he was required to work there. It is insisted that the court erred in so instructing the jury, because the place where Ferry was working was not on the premises of the Machine Company. But we do not see that this makes any difference. It is the duty of the master to use ordinary care for the safety of his servant. He can not with impunity send him into a place of danger when he knows the danger and knows the servant is ignorant of it. The evidence shows that the usual way of taking down such coils is to prop them with timbers after the bolts are taken out. The irons weighed something like 2,500 pounds, and when the supports which held them in position were removed were liable to fall over, unless secured in some way. It was the duty of the master to

use ordinary care to secure the coils  as the work progressed, so that the laborers who were sent to work about them would not be needlessly in danger.  The master who contracts to do work on the premises of another  must exercise ordinary care for the safety of his servants there no less than on his own premises.  It is true that where the danger is created  by  the servant  himself in the progress of the work, the master is not required to guard against this.  But that is not this case.  There was sufficient evidence to submit to the jury the question whether Kuesler was foreman of the defendant in charge of the men making the repairs, whose orders the plaintiff was required to obey.  If Kuesler was sent there with the laborers, and in charge of them, and directed the work, he in doing so represented the master.  The duty to furnish the servant reasonably safe appliances to work with is not assignable, and the master is liable to Ferry, if Kuesler rendered the coils unsafe, and when he knew they were in an unsafe condition assigned Ferry to work upon them, the latter being ignorant of the danger.  The proof was clear that Ferry was a mere laborer, and knew nothing of the danger of the work; that the danger had been created by the master, and that if the proper precautions had been taken the injury to Ferry would not have occurred.  We do not see that the court erred in the instructions given the jury or that on the evidence the verdict should be disturbed.

Judgment affirmed.