PATRICK O'MALLEY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk. November 17, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

Where an employee of a railroad company, while at work helping to unload a vessel which the railroad company neither owned nor had anything to do with except to unload it after it had been made fast by the vessel's crew at a dock of the railroad company, was injured by the fall of a piece of iron which was a portion of a hatch combing, a part of the vessel, and it does not appear what caused the iron to fall nor that the railroad company or any of its employees knew or ought to have known that there was any danger that it would fall, the railroad company is not liable for such injuries either at common law or under R. L. c. 106, § 71.

TORT for personal injuries received by the plaintiff while in the employ of the defendant as stated in the opinion, the declaration containing a count at common law alleging as the cause of the injury negligence of the defendant in setting the plaintiff at work in a dangerous place without proper warning, a count under R. L. c. 106, § 71, cl. 1, alleging as the cause of the injury a defect in the ways, works or machinery of the defendant, and a count under clause 2 of the same section of the statute alleging negligent superintendence as the cause of the injury. Writ dated May 14, 1908.

In the Superior Court the case was tried before *Lawton*, J. The facts are stated in the opinion. At the close of the evidence by agreement of counsel the presiding judge ordered a verdict for the defendant and reported the case for determination by this court, it being agreed that, if his ruling was wrong, judgment should be entered for the plaintiff in the sum of $500; and that if his ruling was right, judgment should be entered for the defendant.

*L. S. Thierry*, for the plaintiff.

*J. Wentworth*, for the defendant.

RUGG, C. J. This is an action of tort for personal injuries with counts at common law and under the employers' liability act. The plaintiff was put at work unloading coal from a vessel which had been made fast by its crew at the defendant's dock. The defendant did not own the vessel, and had nothing to do with it except to unload the coal. The plaintiff was injured by the fall of a piece of iron, which was a portion of a hatch combing, a part of the vessel, and a protection of its hatches. There is nothing to show what caused the iron to fall. If it be assumed that it was defective, this was a defect in the ship, for which under *Hyde* v. *Booth*, 188 Mass. 290, and decisions there cited, the defendant was not responsible. It was the defendant's duty to warn the plaintiff of any danger of which it knew and of which he was ignorant and ought not to be assumed to have known. But there is nothing here to show that the defendant or anybody in its employ had knowledge of the danger which caused injury to the plaintiff. *Hughes* v. *Malden & Melrose Gas Light Co.* 168 Mass. 395.

The case appears to be indistinguishable in its facts from

*Dunn* v. *Boston & Northern Street Railway*, 189 Mass. 62, and *Hyde* v. *Booth, supra.* It is not like *Crimmins* v. *Booth*, 202 Mass. 17, where by contract the defendant stevedore had such possession and control over the ship as constituted a temporary appropriation of it by him for the purpose of performing his agreement with the ship owner.

*Judgment for the defendant.*