### FOSTER et al. v. CONRAD.[*]

#### (Circuit Court of Appeals, Eighth Circuit. November 15, 1919.)

#### No. 5163.

MASTER AND SERVANT ☞124(4)—MASTER NOT REQUIRED TO INSPECT PLACE OF WORK OWNED BY THIRD PERSON.

Employers, who have neither possession nor control of gas well premises owned by another, and who are not using them otherwise than to connect up their pipe line for a supply of gas, are not subject to a duty of inspection, and are not liable for injuries to an employé by the explosion of a defective tee in the pipes of the well; there being nothing in his work dangerous in itself or contributing to the explosion.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Joseph W. Woodrough, Judge.

Action by Grover Conrad against H. V. Foster and another. There was a judgment for plaintiff, and defendants bring error. Reversed and remanded.

T. J. Leahy and C. S. Macdonald, all of Pawhuska, Okl., for plaintiffs in error.

Phillip Kates, W. A. Sipe, Jr., and J. P. O'Meara, all of Tulsa, Okl., for defendant in error.

Before HOOK, Circuit Judge, and AMIDON and BOOTH, District Judges.

HOOK, Circuit Judge. Conrad sued Foster and Davis, and recovered judgment, for personal injuries caused while in their service by the explosive bursting of a weak and defective tee in the pipes of a gas

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
[*]Rehearing denied February 3, 1920.

well from which they had been getting gas for fuel in their oil pumping operations. The defendants prosecuted this writ of error.

The gas well where the accident occurred and defendants' oil well were 1,000 or 1,200 feet apart and were separate and distinct enterprises. There was substantial evidence that the defendants did not own the gas well or its equipment or appliances, and were not operating it or in control of the operation. They simply had a 2-inch pipe line from their own plant to the gas well for the conduct of the fuel. The accident occurred while plaintiff was at the gas well to restore a connection of the pipe line which had been temporarily severed while the operators of the gas well were making certain changes in their pipes. The work plaintiff was to do was a simple mechanical task. It was not dangerous in itself, nor did the doing of it contribute to the injury, except as it brought the plaintiff in proximity to the tee that burst. No complaint was made in the testimony of the character or condition of defendant's pipe line; nor was it shown that they had notice of any defect in the pipes of the gas well, or in fact knew anything more about it than the plaintiff himself, if, indeed, as much. The verdict and judgment proceeded upon the theory, expressed in the charge of the trial court to the jury, that if defendants sent plaintiff to the gas well to restore the connection, as the jury found they did, they were subject to the familiar duty of an employer in respect of a safe working place for the employé, and this regardless of ownership, possession, or control of the premises which proved unsafe. In other words, the duty of inspection of the gas well premises was laid upon the defendants, though they had no power of ownership or control, and were not using them in their own business otherwise than to connect up their pipe line for a supply of gas. An exception to the instruction was sufficiently preserved.

The rule founded in principle and supported by the weight of authority is that the responsibility of an employer in respect of a safe working place for his employé does not extend to the premises of a third person of which the employer has neither possession nor control, to which the employé is sent for the performance of some act or duty.

"Otherwise he might be made responsible for the negligence of third persons with reference to premises he had never seen, and about the condition of which he knew, and perhaps could know, nothing. The merchant would, in effect, be liable to his clerk for the negligence of the customer with respect to the safety of the premises upon which the clerk goes to deliver his master's goods, and the master, plumber, or carpenter to his workman for the negligence of the householder upon whose premises he sends the workman simply to make some slight repairs." 18 R. C. L. p. 585, and cases cited in the note.

Where the employer, for the purposes of his work, has made the premises his own in whole or in part, he would be responsible to the extent of his possession and control. The defendants had no possession or control of that which caused the accident, yet plaintiff seeks to charge them with a liability which broadly implies a duty to have previously inspected the gas well plant of the other concern, the pressure of the gas, and the resistance of the pipes and fixtures installed, as preliminary to the making of their connection. The imposition of such

a duty does not appear reasonable or in accord with ordinary, yet prudent, business customs.

In view of the above, it is not necessary to consider whether defendants asked for a directed verdict at the conclusion of the evidence. They come practically to the same end.

The judgment is reversed, and the cause is remanded for a new trial.