## Gillespie's Executors v. Howard.

### (Decided May 6, 1927.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error.—Under Civil Code of Practice, section 767, providing that provisions of title 11 shall regulate cases in Court of Appeals so far as applicable, petition for revivor, filed on April 18, 1927, held in time, where earliest time in which record could have been filed in Court of Appeals was during September, 1926, term.

2. Appeal and Error.—Personal representatives of defendant, against whom judgment was taken, have right to prosecute an appeal to Court of Appeals as representing estate of party against whom judgment was obtained.

3. Master and Servant.—Ordinarily rule that master must exercise reasonable and ordinary care to furnish servant with safe appliances and place to work does not apply to cases where appliances or premises are owned and controlled by a third person.

4. Master and Servant.—Employer held not liable for injuries received by employee unloading carload of pipe, when stepping through hole in end of car, since employer was under no duty to inspect car which was under control of railroad.

5. Master and Servant.—Master is not liable for injuries to his servant by reason of defects in railroad car placed on siding merely to be unloaded, unless he takes possession thereof and so

uses and operates it as practically to adopt it as part of equipment of plant.

6.   Contracts.—In action by employee to recover from employer for injuries, evidence held insufficient for jury relative to promise of employer to pay him damages for injury received.

COMBS & COMBS and WHEELER & WHEELER for appellants.

WELLS & WELLS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Campbell Howard, was employed on September 12, 1923, by R. G. Gillespie to unload a carload of pipe consigned to Gillespie, and which had arrived in the yards of the Chesapeake & Ohio Railway Company in Paintsville. The car was placed on a siding, and the appellee was assisted by his son in unloading it. There were two holes in the end of the car where appellee was at work, one a very large one, and the smaller one being about 14 by 16 inches in size. After he had been at work for a short time appellee, in lifting his end of a joint of pipe, stepped into the smaller hole and was seriously injured.

The appellee brought this action against R. G. Gillespie for damages for the injury sustained by him; his petition being in two paragraphs. In the first paragraph he alleged that the defendant failed to furnish him a safe place in which to work, in that the railroad car had two large holes in the floor, through one of which he fell and was injured. In the second paragraph of the petition he alleged that Gillespie promised to pay him the damages sustained by him because of his injury. On the trial of the case, plaintiff recovered a judgment for $500, and from that judgment this appeal is prosecuted.

The case was tried at the January, 1926, term of the Johnson circuit court, and the defendant's motion and grounds for a new trial were overruled at that term and an appeal to this court granted, and he was given until a day of the next regular term of court to file his bill of exceptions. At that time the next regular term of the Johnson circuit court would have convened on the first Monday in July, 1926, but on the 28th day of March, 1926, the General Assembly of Kentucky amended section 965 of the Kentucky Statutes, changing the terms of court in Johnson county, so that the next regular term

of court at which appellant could file his bill of exceptions was held the second Monday in November, 1926. 1926 Acts, p. 167. At the November term of court the bill of exceptions was filed, and on January 7, 1927, a transcript of the record was filed in this court.

The defendant, R. G. Gillespie, who was a resident of Pittsburg, Pa., died on March 15, 1926. On April 14, 1927, appellee filed a motion to dismiss the appeal because R. G. Gillespie had been dead for more than one year from the time in which an order of revivor should have been entered. On April 18, 1927, Blanche N. H. Gillespie, Union National Bank of Pittsburg, and George E. Alter, personal representatives of R. G. Gillespie, deceased, filed their petition asking that this action be revived in their names as his personal representatives. Section 767 of the Civil Code of Practice provides that the provisions of title 11 shall, so far as applicable, regulate cases in the Court of Appeals. The earliest time at which the record could have been filed in this court was during the September, 1926, term, and the revivor is therefore in time. Ison v. Wolfe, 150 Ky. 34, 149 S. W. 1124. Furthermore, the personal representatives, in a case like this one, have the right to prosecute an appeal to this court as they represent the estate of the party against whom the judgment was obtained. Cray v. Wilson, 43 S. W. 186, 19 Ky. Law Rep. 1153; Hopkins v. Hopkins, 91 Ky. 310, 15 S. W. 854, 12 Ky. Law Rep. 945; Spalding, Administrator v. Wathen, 7 Bush 659. Appellee's motion to dismiss the appeal is therefore overruled, and the motion of the personal representatives will be treated as a motion to prosecute the appeal in their names, and it is sustained.

To authorize an affirmance of this case, the appellee invokes the universally recognized rule that the master must exercise reasonable and ordinary care to furnish his servant with safe appliances and a reasonably safe place to work. This rule, however, is based on the possession, use, and control by the master of appliances used and the premises where the servant's work is performed, and is not ordinarily applicable to cases where such appliances or premises are owned and controlled by a third person. We do not think the rule invoked is applicable here, as the defective car was the property of the Chesapeake & Ohio Railway Company or of some connecting carrier, and the defendant was merely the consignee of

the pipe loaded on the car, and made no use of the car except to unload it.   In 18 R. C. L. 585, it is said:

"As a general rule the peculiar duties that an employer owes to his employees relate only to the premises and instrumentalities over which the employer has complete control and dominion.   Otherwise he might be made responsible for the negligence of third persons with reference to premises he had never seen, and about the condition of which he knew, and perhaps could know, nothing."

And, on page 590 of the same volume, it is said:

"Both on principle and authority, it is clear that the employer is answerable for defects in any instrumentalities which he has temporarily taken over from the owner and made a part of his own plant.   In such cases the elements of possession and the exercise of control are decisive.   Manifestly, no distinction can logically be based upon the bare circumstances that he has a merely qualified right of property in them.   So far as regards his obligations to his employees, he must be considered as the owner pro tempore.   This principle is applicable whether he has borrowed the appliance in question, or has hired it for a specific consideration, or has taken possession of it for a definite or indefinite period, with a view to the performance of certain work in which he and the owner are both interested."

The appellee relies upon the case of American Machine Co. v. Ferry, 141 Ky. 372, 132 S. W. 546, but in that case the master, by a foreman, had created the danger and directed the servant to work at the place rendered unsafe without warning him of the danger.   In Haskell & Barker Car Co. v. Przezdziankowski, 170 Ind. 1, 83 N. E. 626, 14 L. R. A. (N. S.) 972, 127 Am. St. Rep. 352, it was held that a manufacturing company operating a railroad for transporting materials about its establishment was not liable in a case where one of its employees was hurt by a car owned by another company and received upon a siding merely to be unloaded.   In the annotations to this case in 14 L. R. A. (N. S.) 972, in discussing the question whether the consignee is liable to his servant who is injured while using a defective car furnished by the railway company for the purpose of loading or unloading it, it is said that the only conclusion that can be

drawn from the few cases which have been found to be in point, is that the rule laid down by the Indiana and Pennsylvania courts is diametrically opposed to that of the Illinois and Massachusetts courts. In this conclusion the annotator seems to be in error, as a reference to the Illinois and Massachusetts cases holding the master liable shows that they were cases where the cars were received and used by the master and were temporarily under his control in the same manner as if he owned them and were operated as a part of his plant and equipment. In the case of Dunn v. Boston & Northern St. Ry. Co., 189 Mass, 62, 75 N. E. 75, 109 Am. St. Rep. 601, the distinction between a case where a master is merely a consignor or consignee and the car is being loaded or unloaded and a case where the master is using the car as part of his equipment is pointed out, the court saying:

"To sustain the counts at common law, the plaintiff relies upon the case of Spaulding v. Flynt Granite Co., 159 Mass. 587, 34 N. E. 1134. But that case differs widely from the one before us. There a granite company was using a car to carry its granite from its premises to the place of destination. Here the defendant was merely a consignee of coal delivered on its premises by a car of a railroad company. We are not aware of any case where under such circumstances the consignee has been held liable to its servants for a defect in the car. Nor are we aware of any case which imposes upon the consignee the duty of inspecting the car.

"The case of Foster v. New York, etc., R. R., 187 Mass. 21, 72 N. E. 331, has no application to the case at bar. In that case the defendant was using in its freighthouse an empty car belonging to another railroad, as a passageway from one of its own cars to the platform of the freighthouse. There was a hole in the bottom of the car, through which a servant of the defendant fell.

"It is further contended that this car was a part of the defendant's ways, works, and machinery. But we are of the opinion that, under the circumstances of this case, the car was not a part of the ways, works, and machinery. The car in question was not under the control of the defendant. It was not its duty to inspect it, nor to repair it. Hyde v. Booth, 188 Mass. 290, 74 N. E. 337, and cases cited.''

In Anderson v. Oliver, 138 Pa. 156, 20 A. 981, an employee was injured while unloading a car of coal at its employer's furnace on account of a defect in the car, and in holding that the master was not liable, the Supreme Court of Pennsylvania said:

"If it was owing to a defective brake, the defendants are not responsible, because they did not own the cars, and had no control over them further than to unload them. They belonged to the railroad company."

The rule applicable to facts similar to those in the instant case and which is supported by the weight of authority, is that a master is not liable for injuries to his servant by reason of defects in a car placed on a siding merely to be unloaded, but, if he takes possession of and so uses and operates it as practically to adopt it as part of the equipment of his plant, then, for the purposes of his work, he has made the car his own, and he would be under the same duty to the servant as if he were the owner.

Cases other than those heretofore cited which support the views herein expressed are Seminole Graphite Co. v. Thomas, 205 Ala. 222, 87 So. 366; O'Malley v. N. Y., N. H. & H. R. R., 210 Mass. 344, 96 N. E. 668; Hyde v. Booth, 188 Mass. 290, 74 N. E. 337; McMullen v. Carnegie Bros. & Co., 158 Pa. 518, 27 A. 1043, 23 L. R. A. 448; Jones v. Standard Oil Co., 144 Ark. 540, 223 S. W. 20; D'Almeida v. Boston, etc., Railway Co., 209 Mass. 81, 95 N. E. 398, Ann. Cas. 1913C, 751; Wilson v. Cain Lumber Co., 64 Wash. 533, 117 P. 246; Gager v. Stolle-Barndt Lumber Co., 149 Wis. 154, 135 N. W. 490; Foster v. Conrad (C. C. A.) 261 F. 603.

We conclude, therefore, that the defendant was under no duty to inspect the car, and was not liable to plaintiff for any injury received by him by reason of its defective condition.

The plaintiff attempted to show that the defendant promised to pay him the damages for his injury, but there was not sufficient evidence on this point to authorize a submission of the case to the jury. Plaintiff testified that two of defendant's employees asked him for his hospital bill and told him that it was the custom of the defendant to take care of his injured employees. No amount was mentioned, nor was any specific promise to pay made, nor was there any consideration for the

promise if made. The trial court, therefore, erred in overruling defendant's motion for a directed verdict.

Judgment reversed, and cause remanded, for further proceedings consistent herewith.